**Gary HOLLAND et al., Appellants,**

v.

**Garland COLLINS et al., Appellees.**

No. 8006.

Court of Civil Appeals of Texas, Amarillo.

July 13, 1970.

Rehearing Denied Aug. 10, 1970.

Lemon, Close & Atkinson and R. D. Lemon, Perryton, for appellants.

Joe E. Shaddock, Wichita Falls, John T. Forbis and Williams, Broughton &

Forbis, Childress, Sanders, Scott, Saunders, Brian & Humphrey, Amarillo, for appellees.

DENTON, Chief Justice.

Appellants Gary Holland and wife and two minor children brought suit against Garland Collins individually and Collins Brothers, a partnership composed of Garland and J. B. Collins and Leo Ware, for damages for injuries sustained in a collision between an automobile driven by Holland and a pickup truck owned by the Collins and being driver by Ware. Judgment was rendered for the defendants upon a jury verdict.

The collision occurred on U.S. Highway 287 in Childress County near the community of Kirkland as the plaintiffs below were traveling along this highway in an easterly direction. As the plaintiff's automobile approached a "T" intersection, the road intersecting the highway led south to the town of Kirkland, it collided with the pickup driven by Ware who drove onto the highway from the driveway of a service station located on the north side of the highway and a short distance to the west of the "T" intersection. The collision occurred in Holland's lane of traffic or the south lane of Highway 287.

In answer to special issue No. 6, the jury found that Ware did not fail to keep a proper lookout; and in answer to special issue No. 8, Ware did not fail to yield the right-of-way to Holland. Appellant Holland was found to be contributorily negligent in special issues No. 11, 12 and 13 where jury found Holland failed to keep a proper lookout; that such failure was a proximate cause of the collision; but not the sole proximate cause. In answer to special issues No. 14, 15 and 16, the jury found Holland was driving at an excessive speed; that such speed was a proximate cause of the collision; but not the sole proximate cause. The jury found in special issues No. 17, 18 and 19, that Holland failed to apply his brakes; that such failure was a proximate cause of the collision; but not the sole proximate cause.

■ Appellants first contend Ware was negligent and such negligence was a proximate cause of the collision as a matter of law. The theory is where Ware admittedly entered the highway from a private road or driveway; he was under a statutory duty to yield the right-of-way to Holland's vehicle approaching on the highway. Article 6701d, Section 74, Vernon's Ann.Civ.St. It is uncontradicted Ware did in fact enter the highway from a private driveway. This constitutes a violation of Section 74 of Article 6701d. Having alleged and proved that Ware violated a statutory standard, the defendant may then go forward with evidence to show excuse or justification. Hammer v. Dallas Transit Company, 400 S.W.2d 885 (Tex.Sup.Ct.); Black v. Boyd, 410 S.W.2d 6 (Tex.Civ.App.—Ref.N.R.E.). The one seeking to excuse or justify the violation has the burden of his proof. Nash v. Roden (Tex.Civ.App.) 415 S.W.2d 251 (Ref.N.R.E.), and Younger Brothers v. Marino (Tex.Civ.App.) 198 S.W.2d 109 (Ref.N.R.E.). Once this burden has been sustained, the plaintiff has the burden to obtain a finding that the violation was negligence under the common law standard. Hammer v. Dallas Transit Company, supra. Phoenix Refining Company v. Powell (Tex. Civ.App.) 251 S.W.2d 892 (Ref.N.R.E.).

There was testimony that Ware came to a stop upon the north shoulder of the highway prior to moving onto the highway in the path of Holland's vehicle. Ware's testimony tending to excuse his conduct was that a truck proceeding along the highway from east to west blocked his view of the Holland vehicle approaching from the west; that he looked both to his left and right, but did not see the Holland car until the impact in Holland's lane or the south lane of the highway.

■ Under the circumstances, we are of the opinion the evidence raised the issue of

excusable violation, and that the burden of the obtaining a finding of negligence rested upon the plaintiffs. We believe the plaintiff has sustained this burden. The jury findings to the lookout and right-of-way issues submitted as to Ware are against the great weight and preponderance of the evidence and are clearly wrong.

The jury convicted Holland of negligence and proximate cause in failing to keep a proper lookout; driving at an excessive speed; and failing to apply his brakes. We are of the opinion these findings are against the great weight and preponderance of the evidence. Holland was traveling along the through highway at approximately 60 m. p. h., well within the speed limit. He testified he saw Ware's vehicle on the north shoulder of the highway, perpendicular to the highway headed south. Holland noticed Ware "inching out onto" the highway, "I honked at him and started slowing down, and applied my brakes, and varied off to the right. He didn't hear my horn. He didn't stop. And I started to go around him and then we collided."

■■ It is well settled that one is not bound to anticipate negligence or unlawful conduct on the part of another. De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95; Mrs. Baird's Bread Co. v. Williams (Tex.Civ. App.) 425 S.W.2d 1 (Ref.N.R.E.). In the present case, Holland was not required to anticipate that Ware would proceed upon the highway before Holland's vehicle passed the point where Ware's vehicle stood. It was admitted Ware pleaded guilty to charges of failure to yield the right-of-way from a private driveway, and for having no drivers license. The investigating officer testified that from his examination of the collision Holland was not driving at an excessive or unreasonable speed prior to the collision. After viewing all the evidence, we conclude the findings that the named acts of Holland constitute negligence and a proximate cause are against the great weight and preponderance of the evidence and are clearly wrong.

■ We further hold in light of the evidence the collision was caused by the negligence of one of the parties. The jury's finding an unavoidable accident is also so against the great weight and preponderance of the evidence as to be clearly wrong.

The disposition of this case makes it unnecessary for us to consider and pass on the remainder of appellants' points of error.

The judgment of the trial court is reversed and the cause is remanded.