**Troy BLACKBURN et al., Appellants,**

**v.**

**B. C. COONER, Appellee.**

**No. 8415.**

Court of Civil Appeals of Texas, Amarillo.

April 29, 1974.

Rehearing Denied May 28, 1974.

C. J. Humphrey, Amarillo, for appellants.

Blanchard, Clifford, Sims & Kidd (William A. Clifford), Lubbock, for appellee.

ROBINSON, Justice.

This is a suit for damages resulting from an automobile accident. Based on the jury's findings of contributory negligence, a take-nothing judgment was rendered against the plaintiffs. Reversed and remanded.

Miss Bobbie Jan Blackburn and Troy Blackburn, individually and as next friend for Miss Blackburn, sued B. C. Cooner for personal injury and property damage sustained when her car overturned as she was attempting to avoid a collision with defendant Cooner's pickup when he drove it across the highway in the path of her oncoming car. Trial was to a jury. In response to special issues, the jury found that Cooner committed various acts of negligence and that such acts were, each, a proximate cause of the accident. The jury also found, in answers to the special issues numbered as follows: that Miss Blackburn (4a) failed to keep a proper lookout, which (4b) was a proximate cause of the accident, (6a) drove at an excessive rate of speed, under the circumstances, which (6b) was a proximate cause of the accident and (7a) suffered no damage for pain and suffering.

By no evidence and insufficient evidence points of error, appellants challenge the evidentiary support for the jury's findings regarding contributory negligence, as well as the finding that Miss Blackburn sustained no damage for pain and suffering as a result of the accident.

Plaintiff, Bobbie Jan Blackburn, testified that she was going east on Highway 70 at approximately 65 m. p. h. in a 70 m. p. h. zone. As she topped a rise she saw two pickup-trucks parked on the right side of the road less than a quarter of a mile away. She saw one pickup pull up on the edge of the highway and she applied her brakes and started to slow down. The pickup hesitated for a moment. She had just removed her foot from the brake when the pickup pulled on out in front of her broadside in the highway. She slammed on her brakes and turned the wheel to the right as hard as she could, succeeding in barely missing the pickup by going between it and the other pickup at the side of the road. Her vehicle overturned when it hit the gravel.

The testimony of O. B. Whitford, who observed the occurrence from the south side of the highway, is consistent with Miss Blackburn's testimony. He said,

"A. Well, Mr. Cooner pulled up on to the highway, and this car was coming, and I thought that if he kept continuing why that there was going to be a wreck, but just as he got up on the highway, he just kind of hesitated. I won't say he stopped, but he just kind of hesitated as if he was going to stop, in my estimation. And by that time this car had decided that he was going to stop, or it looked to me like that is what, and he just pulled on over and the car went behind him.

"Of course, by that time, the car was traveling sideways, and it just turned over, and then he pulled over across the highway, across the blacktop, and stopped."

Mr. Whitford testified that he could not estimate the speed of Miss Blackburn's vehicle, but in answer to question by defendant's counsel, he testified as follows:

"Q. She was going too fast, wasn't she?

"A. Well, I wouldn't say she was going too fast. The vehicles were just too close together.

"Q. You wouldn't say she wasn't going too fast either, would you?

"A. Well, I didn't think she was traveling any faster than any other car that would have been coming by there in the same circumstances.

"Q. And the speedlimit was seventy?

"A. It is seventy miles an hour."

Buford Price, who was in the pickup beside the road at the time of the occurrence, testified that Cooner backed up his pickup to clear Price's vehicle and drove directly through a sloping area on the roadside up onto the highway. He testified:

"A. Well, Mr. Cooner, I directed him to Mr. Whitford, pointed him out to him, and I got back in my pickup and sat there, and he pulled across the road there, pulled up on the road, actually, and stopped dead still, but he was already part way on that road and part way off of it. And I looked back over my shoulder and seen a car coming, didn't know who it was, or anything.

"And this—from there on, he fogged it on across the road, and naturally, I would have, too.

"Q. All right.

"A. And this accident happened. Now, that is just the way I seen it. It happened.

"And I don't know how—or where she was from, where she seen him, or anything about it, or whoever was driving the car at that time, I didn't know.

"But it triggered that accident.

"Q. His crossing the road at the time?

"A. Yes, sir."

Mr. Price testified that he could not estimate the speed of Miss Blackburn's vehicle, but in response to questions by defendant's counsel, testified:

"Q. Did it appear to you she she (sic) was moving pretty fast?

"A. Well, no. No faster than the average car goes."

The defendant, B. C. Cooner, testified that he was 74 years old at the time of the accident and 76 years old at the time of the trial. According to Mr. Cooner, when his back wheels were in the low part of the barditch and his front wheels at the edge of the shoulder of the road, not the blacktop, he looked east and to the west. He also testified as follows:

"A. Well, when I looked east, I didn't see any car or vehicle of any kind coming west; and at first I didn't see any car coming up the hill from the west going east, but as I started my pickup to rolling north, had it in gear and was feeding it a little gas, I saw the top of this car, just a little white line, on top of the hard road surface, and I speeded up as fast as I could, gave the pickup all the gas it would take, and drove straight north across the pavement, and off of the pavement, and turned east after I got off of what they call the shoulder of the highway, which is just packed gravel and not the blacktop.

"And before I stopped my pickup, I turned my head to the right to see what kind of vehicle was going to pass me, and I didn't see any, and I looked a little further around, and I saw this car up in the air. I could see underneath it. And I would judge it was about a foot and a half, the top of it, off of the ground."

Mr. Cooner testified that the crest of the hill was about 1600 feet from where he crossed the road and that he had, by re-enacting the occurrence, clocked the time he took to cross the road and that it took 5 seconds. If Mr. Cooner is correct and if Miss Blackburn did traverse 1600 feet in 5 seconds, she was driving her 1966 six-cylinder Ford Falcon at 218 miles per hour.

There is considerable variation in the testimony of different witnesses concerning the distance from the crest of the hill to the scene of the accident. Two witnesses testified that it was about 200 yards.

In weighing such testimony, the jury may accept all, part or none of the testimony of any one witness, or it may accept part of one witness' testimony and part of another's. Knight v. Hicks, 505 S. W.2d 638 (Tex.Civ.App.—Amarillo 1974, writ ref'd n. r. e.); Reinke v. Thomas, 369 S.W.2d 692 (Tex.Civ.App.—Waco 1963, writ ref'd n. r. e.). By considering the testimony in the light most favorable to the jury verdict and by disregarding all testimony adverse to it, we find that there is some evidence, particularly inferences to be drawn from time and distance testified to by Mr. Cooner, that Miss Blackburn was travelling at an excessive rate of speed on the occasion in question. However, when we consider all of the testimony including that against, as well as for, the verdict as required by the rule in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951), we conclude that the finding of excessive speed is against the overwhelming weight of the evidence that Miss Blackburn was travelling as an ordinary prudent person would travel on the highway on the occasion in question.

A driver is not required to anticipate the negligent acts of another. Day v. McFarland, 474 S.W.2d 946 (Tex.Civ.App. —Tyler 1971, writ ref'd n. r. e.); Holland v. Collins, 457 S.W.2d 177 (Tex.Civ.App. —Amarillo 1970, writ ref'd n. r. e.). Miss Blackburn was not required to anticipate that the driver of the pickup-truck on the side of the road would pull across the open highway and across the path of her approaching vehicle. The evidence does not show that she could have avoided the accident after it was apparent that the pickup was pulling out. On the contrary, there is substantial evidence that she averted a collision with one or the other of the pickups by prompt and skillful evasive action. In this connection, the jury refused to find

that she failed to make proper application of her brakes. The issue reads as follows:

"NO. 5

"(a) Do you find from a preponderance of the evidence that Bobbie Jan Blackburn failed to make a proper application of the brakes upon her vehicle, upon the occasion in question?

"Answer 'Yes' or 'No.'

"ANSWER No."

Further, there is insufficient evidence that Miss Blackburn failed to keep a proper lookout. She testified that she observed the pickup-trucks as she topped the hill and continued to observe them until the accident. The jury did not have to believe this testimony, but a refusal to believe testimony will not supply evidence to the contrary. Schoellmann v. Ammann, 352 S.W.2d 920 (Tex.Civ.App.—Houston 1962, writ ref'd n. r. e.). See Missouri-Kansas-Texas Railroad Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931, 945 (1956). The mere occurrence of an accident or a collision is not evidence of negligence and will not, of itself, support a finding of failure to keep a proper lookout. Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195, 199 (1937); Polasek v. Quinius, 438 S.W.2d 828, 839 (Tex.Civ.App.—Austin 1969, writ ref'd n. r. e.). Nor will evidence, or inferences therefrom, which are as consistent with the exercise of due care by plaintiff as with the absence of care, establish contributory negligence. Williams v. Hill, 496 S.W.2d 748 (Tex.Civ. App.—Tyler 1973, writ ref'd n. r. e.); Dewhurst v. South Texas Rendering Co., 232 S.W.2d 135 (Tex.Civ.App.—San Antonio 1950, writ ref'd n. r. e.).

We hold that the jury finding that plaintiff failed to keep a proper lookout and the jury finding that she was travelling at an excessive rate of speed are so against the overwhelming weight of the evidence as to be clearly wrong. We do not reach the point of error concerning damages.

The cause is reversed and remanded to the trial court.