Barbara Mae Schoeneman KEHLEN-
BRINK, Appellant,

v.

Larry PICKENS, Individually and
D/B/A, E & S Contracting
Company, et al., Appellees.

No. 10–83–056–CV.

Court of Appeals of Texas,
Waco.

Aug. 18, 1983.

Rehearing Denied Sept. 22, 1983.

William R. Vance, Vance, Bruchez & Goss, Bryan, for appellant.

Robert G. Taylor, II, Laddie Livingston, Susan Crowley, Taylor, Hays, Price, McConn & Pickering, Houston, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Kehlenbrink from judgment they take nothing in their suit against defendant.

Plaintiff Barbara Kehlenbrink and Texas Employers Insurance Association sued defendant Larry Pickens under the Texas Survival Statute (Art. 5525 VATS) and the Texas Wrongful Death Act (Art. 4672 et seq. VATS) for damages for the death of deceased, resulting from a fall while employed by the Producers Cooperative Association of Bryan. Plaintiffs alleged deceased on July 26, 1978, fell through a grill on a walkway surrounding the building of the cooperative; that prior to that date that portion of the grill had been removed and put back by defendant's personnel; that the fall and death of deceased was proximately caused by the negligence of defendant; that plaintiff widow has been damaged far in excess of the jurisdiction of the court and that plaintiff TEIA has been subrogated to amounts paid in Workers' Compensation benefits.

Defendant by answer denied any negligence on their part; and further plead the accident proximately resulted from negligence of the deceased.

Trial was to a jury which found:

(1) Defendant failed to:

(a) cause the catwalk to be in safe condition;

(b) warn deceased's employer of the dangerous condition of the catwalk; and

(c) properly instruct its employees in the safe manner to secure the grill on the catwalk;

(2) That 1(b) above was negligence;

(3) That 1(b) was the proximate cause of deceased death;

(4) That deceased failed to keep a proper lookout as a person using ordinary care would have kept;

(5) That such failure to keep a proper lookout was a proximate cause of the deceased death;

(6) That 80% of the cause was attributable to the deceased and 20% to defendant; and

(7) That damages totalled $532,000.

Plaintiffs filed motion to disregard findings to Issues 4, 5, and 6 and a motion for judgment which were denied. Judgment was rendered on the jury's verdict that plaintiffs take nothing. Plaintiffs appeal on 2 points.

Defendant was doing repair work, painting and welding for the Cooperative, em-

ployer of the deceased. A 3-foot square piece was cut out of a walkway 80 feet above the ground, and later welded back into place. There is evidence from which the jury was authorized to believe that defendant did the above. The deceased fell through the welded place on the walkway on July 26, 1978, and was killed.

As noted the jury found defendant negligent in failing to warn deceased's employer of the dangerous condition of the catwalk, and that such was negligence and a proximate cause of deceased's death; and further found that the deceased failed to keep proper lookout which was a proximate cause of his death; and the trial court rendered a take nothing judgment against plaintiffs.

Point 1 asserts there is no evidence to support the jury's finding of negligence on the part of deceased; and point 2 asserts the evidence was factually insufficient to support the jury's answers to Issues 4, 5, and 6.

■ Issues 4, 5 and 6 found that the deceased failed to keep a proper lookout; that such failure was a proximate cause of his death; and that 80% of the cause was attributable to deceased and 20% to the defendant.

There is no direct evidence as to how the deceased fell. There is only circumstantial evidence, and the jury's answers to Issues 4, 5 and 6 are based on inferences they made from facts proven in evidence.

The accident occurred in July 1978. The witness Lisembee, a co-worker of the deceased, testified that he was on the walkway the day after the hole was welded up; that he walked on it and it was a "good solid weld" and "didn't give"; that he was on the walkway several times between then and when the deceased fell through the walkway, but "mostly stepped over the spot"; that the day after seeing the place he went up there and "stepped on it" * * "to see if it was safe, and [felt] it was safe"; and walked back and forth over it several times [but] "never did step on it direct"; didn't notice anything wrong with

it and didn't report the place to anyone. He further testified that he told the deceased about the place the morning that deceased fell; that the place was not loose that morning; that "we stepped on it, you know. I mean put your foot on it, you know tested it"; that "it looked like it was weak"; that it was not loose and did not wiggle; that the deceased knew about the place before "we [had] talked about it. We [had] stepped over it"; that the deceased knew the place had been patched; that the deceased saw the hole the day it was there.

The witness Richter, a co-worker with deceased, testified that Mr. Lisembee told him after the accident there had been a hole cut in the walkway at some point in the past; and that he and deceased had been on the catwalk the day before and the grating was loose and unstable.

On the day of the accident the deceased was working on the third floor with Mr. Lisembee and two others; after they worked a while the deceased got real hot and said he was going out to get some air; the deceased went out the door onto the catwalk; walked to the repaired place on the catwalk and fell through it some 80 feet to ground and was injured and later died.

It is our view that foregoing constitutes some evidence that the deceased failed to keep proper lookout, but that such evidence is factually insufficient to support the jury's findings in response to Issues 4, 5, and 6, under the record as a whole and the rule of *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660. Point 2 is sustained.

Defendant asserts 4 cross points.

■ Cross points 1–3 assert the trial court erred in submitting Issue 1(b) without requiring the jury to first make a preliminary finding that the defendants did anything to cause the catwalk to be in a dangerous condition.

The jury was inquired of and did find that the defendant failed to cause the catwalk to be in safe condition. Cross points 1–3 are without merit and are overruled.

■ Cross point 4 asserts the trial court erred in submitting Issue 3(b) because there

was no evidence the defendant's failure to warn the Coop of the dangerous condition was a proximate cause of deceased's death.

The jury could have reasonably inferred the injuries to deceased to have been proximately caused by defendant's failure to warn.

Cross point 4 is overruled.

Sustaining of plaintiff's point 2 requires a reversal.

REVERSED & REMANDED.