TEXAS BRINE CORPORATION, et al, Appellants,

v.

Andrew K. LOFTON, Appellee.

No. C14–83–480–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 11, 1985.

Rehearing Denied Oct. 17, 1985.

David V. Jones of Fulbright & Jaworski, Houston, for appellants.

Gene Hagood of Brown, Todd, Hagood & Davenport, Alvin, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

SEARS, Justice.

Appellant Morris Wayne Johnson, while in the course and scope of his employment with Appellant Texas Brine Corporation, was involved in a vehicular collision with Appellee. Appellee brought suit against Appellants for personal injuries and was awarded $113,500.00. This amount was reduced by 35%, the percent-

age of comparative negligence that the jury attributed to Appellee. The central issue is whether or not speed can be a proximate cause without foreseeability. We hold it cannot. The judgment is reversed and remanded.

On the evening of the accident, the weather conditions were foggy with some severe patches of fog. Johnson was traveling in the eastbound lane of F.M. 2917, which is a two-lane road with a posted speed limit of 55 miles per hour. Appellee was northbound on F.M. 2004, which dead-ends on F.M. 2917. It was Appellee's intention to turn left and enter the westbound lane of F.M. 2917.

Appellee testified that he has no memory of the events subsequent to stopping at the stop sign controlling entry onto F.M. 2917. His next clear recollection was waking up in the hospital. However, in a pre-trial deposition he swore that his last clear memory was getting into his pickup, and that he had no memory of the stop sign or of his entry onto F.M. 2917.

Johnson testified that he was driving his eighteen-wheeler eastbound at a speed of 45–50 miles per hour. Several hundred feet before reaching F.M. 2004 there is a right turn lane for eastbound traffic situated on the south side of F.M. 2917. Johnson first saw Appellee's vehicle to his right in this turn lane and facing west rather than east, i.e. facing the wrong direction. As Johnson approached, Appellee's vehicle darted in front of Johnson in a northerly direction and was sideways in Johnson's lane of traffic. Johnson applied his brakes and turned left to avoid the collision. The left front portion of Johnson's vehicle struck the middle of the left side of Appellee's vehicle and drove it off the north side of the road.

An accident reconstructionist testified that his investigation revealed that immediately prior to impact Johnson was traveling in an easterly direction at 41 miles per hour. Appellee was traveling in a northerly direction at 15–20 miles per hour. The impact occurred at the center line of F.M. 2917 approximately 300 feet west of the F.M. 2004 intersection. Appellee was, therefore, crossing Johnson's lane of traffic 300 feet west of the area designated for such a crossing. There is no explanation for Appellee's actions.

The case was submitted to the jury and it found:

(1) Johnson was driving at a greater rate of speed than a person using ordinary care would have driven, and this was a proximate cause of the collision;

(2) Johnson crossed the center line of the highway immediately prior to the collision but this was not a proximate cause of the collision; and

(3) Appellee was negligent in failing to keep a proper lookout and in failing to yield the right of way, and both were proximate causes of the collision.

Appellants allege in a single point of error that there was no evidence, or alternatively insufficient evidence, to support the jury finding of speed as a proximate cause.

Proximate cause is comprised of two elements: (1) cause in fact and (2) reasonable foreseeability. *Farley v. M.M. Cattle Co.,* 529 S.W.2d 751 (Tex.1975). "Cause in fact means that the act or omission was a substantial factor in bringing about the injury and without which no harm would have occurred." *Texas & Pacific Railway v. McCleery,* 418 S.W.2d 494, 497 (Tex.1967). The foreseeability element was established in *Clark v. Waggoner,* 452 S.W.2d 437, 439–40 (Tex.1970) as:

proof that the actor as a person of ordinary intelligence and prudence should have anticipated the danger to others created by his negligent act, and the rule does not require that he anticipate just how injuries will grow out of that dangerous situation.... The test is not what the wrongdoer believed would occur; it is whether he ought reasonably to have foreseen that the event in question, or some similar event, would occur.

Appellants contend that neither element of proximate cause was established in this

case. Appellee argued at trial that if Johnson had reduced his speed one mile per hour a few miles prior to the scene of the accident, the accident would not have occurred. The jury evidently believed Appellee's argument; we do not. It could as easily be argued that if Johnson increased his speed one mile per hour he would have passed the point of impact prior to the time Appellee darted across the road.

Appellee cites *Biggers v. Continental Bus Systems*, 157 Tex. 351, 303 S.W.2d 359 (1957), to support his proposition that speed was a proximate cause. The *Biggers* case is distinguishable. The defendant bus driver was driving on a heavily traveled public highway at an excessive rate of speed (60–65 miles per hour). He first observed the string of three automobiles involved in the collision when he was still eight-tenths of a mile away from them. He testified that he knew the second car in the string was traveling at a greater rate of speed than the first and third, thus presenting to the mind of a reasonable man the possibility that the second or third car might pull into its left-hand lane to try to pass the other cars. *Biggers*, 303 S.W.2d at 366. The *Biggers* Court noted that the defendant thus had ample time and distance in which to reduce his speed to a reasonable rate (40–45 miles per hour) before reaching a point where his speed would create a situation of imminent danger if one of the cars should enter his lane of traffic. The Court held that *under these circumstances* a person of ordinary intelligence should reasonably have anticipated the danger to others created by his excessive speed if any one of the approaching automobiles should enter his traffic lane for whatever reason. The *Biggers* Court found that the jury could reasonably have concluded that if the speed of the bus had been reduced to 40–45 miles per hour when the bus driver was first confronted with the inherent danger in the situation, the collision would never have occurred. Thus the Court upheld the jury finding that the bus was traveling at a rate of speed in excess of 55 miles per hour, that this speed was excessive and a probable cause of the collision.

■ We recognize that appellate courts are without authority to set aside jury verdicts upon conflicting facts, and particularly on questions of proximate cause in damage suits. *Liberty Film Lines v. Porter*, 136 Tex. 49, 146 S.W.2d 982 (1941). We further recognize that the facts must be undisputed, ample and clear, and the circumstances must be exceptional to justify such action. *Id.* However, the essential facts of this case are undisputed.

Appellee contends that the fog, wet road conditions, evening hour, the heavily loaded truck and the previous passing of other cars should have given Johnson the same degree of foreseeability imparted to the defendant in *Biggers*. We do not agree.

■ While there was no testimony that Johnson was traveling at an "excessive" speed, nor did the jury so find, we recognize that the presence of Appellee facing him on the wrong side of the road and the patches of fog could provide the basis for the jury finding "some" evidence that Johnson was traveling at an "excessive" rate of speed *under those conditions*. Further, this could provide "some" evidence that speed was a proximate cause. It would be unrealistic to say Johnson could not under any circumstances foresee that a car stopped on the wrong side of the road may, without warning, dart across his path, and his speed would make stopping, deceleration or turning to avoid a collision more difficult. We therefore overrule Appellants' "no evidence" point of error.

However, the inescapable conclusion is that Johnson could not have reasonably foreseen that the Appellee would cross the road in front of him at such a place and time so as to allow Johnson no opportunity to avoid the collision. Johnson was traveling at a speed 15 miles per hour below the posted speed limit. According to the accident reconstructionist, the two vehicles were only 150–180 feet apart when Johnson first saw the Appellee. At that moment Appellee's truck was already moving into Johnson's lane of traffic. Johnson's minimum reaction, perception and mechanical

deficiency (or lag time) took 2.5 seconds, which at 41 miles per hour carried him 150 feet closer to Appellee; braking distance would have required another 107 feet at a minimum. Considering the fact that the Appellee was 300 feet from the nearest intersection and Johnson had never seen a vehicle parked along that side of that road during all his many travels, he could not have reasonably foreseen this particular danger, nor did he create it, nor could he have avoided it. Therefore, we find the evidence is factually insufficient to support a jury finding that Johnson's speed was a proximate cause of the collision. Further, that finding by the jury is so against the weight and preponderance of the evidence as to be manifestly wrong and unjust. We sustain Appellants' insufficiency point of error. Appellants' claim for recovery of costs of repair to its vehicle due to Appellee's negligence will necessarily have to be determined by a new trial.

The judgment of the trial court is reversed and remanded for a new trial.

JUNELL, Justice, dissenting.

I respectfully dissent. I believe the evidence is sufficient to support the jury finding that the speed of the Texas Brine Corporation truck driven by Morris Wayne Johnson was a proximate cause of the collision in question. The accident occurred at night under extremely foggy conditions, reducing visibility and requiring extra precautions. There was evidence that the road was damp, thus creating a longer stopping distance for the Texas Brine eighteen-wheel truck which, with its load, weighed 70,000 pounds. There was evidence that the truck was travelling at a speed between 40 and 50 miles per hour. Although the truck driver testified he did not see the Lofton car until he was within six feet of it, there was evidence from an accident reconstructionist that justified the jury in believing the truck driver saw Lofton when he was between 150 and 180 feet away. Johnson testified he first saw Lofton's headlights and as soon as he saw the

headlights he saw them move out across the highway.

The jury found that Johnson was driving the truck at a greater rate of speed than a person using ordinary care would have driven. This finding is unchallenged by the appellant. Appellant challenges only the proximate cause finding on both legal and factual insufficiency grounds. The majority of this court holds that there is some evidence of proximate cause but that the evidence on proximate cause is insufficient.

It seems to me that the majority is saying that evidence is insufficient to support a finding of proximate cause unless the truck driver could foresee the particular accident complained of. In my opinion that is not the law. Texas courts have long recognized that proximate cause does not require that a negligent party foresee the exact manner in which his negligence may result in injury to another. *Biggers v. Continental Bus System*, 157 Tex. 351, 303 S.W.2d 359 (1957); *Sullivan v. Flores*, 134 Tex. 55, 132 S.W.2d 110 (1939); *Carey v. Pure Distributing Corp.*, 133 Tex. 31, 124 S.W.2d 847 (1939).

I think there is ample evidence that the speed of the appellant's truck was a proximate cause of the collision in question. I, therefore, respectfully note my dissent.

## OPINION ON MOTION FOR REHEARING

MURPHY, Justice.

In his Motion for Rehearing, appellee contends that the majority used the incorrect test for an "insufficiency of the evidence" point of error, failed to consider the proper test for the "foreseeability" element of proximate cause, held that appellant driver must foresee the particular danger of which complaint is made, and erred in holding that the jury's finding that the appellant's speed was a proximate cause of the collision was against the great weight and preponderance of the evidence.

In his supplemental brief in support of his Motion for Rehearing appellee cites us to the recent Supreme Court case of *Dyson*

*v. The Olin Corporation,* 692 S.W.2d 456 (Tex.1985), particularly the language in the concurring opinion by Justice Robertson. In that opinion e.q., Justice Robertson states:

"The question is whether we will continue to adhere to a prior interpretation of article V, section 6 which has allowed appellate courts to usurp the jury's function." *Id.* at 514.

Indeed, the Supreme Court has substituted its findings and conclusions for that of a jury on the issue of proximate cause. *See Missouri Pacific Railroad v. American Statesman,* 552 S.W.2d 99 (Tex.1977); *Clark v. Waggoner,* 452 S.W.2d 437 (Tex. 1970); *Genell, Inc. v. Flynn,* 163 Tex. 632, 358 S.W.2d 543 (1962); *Houston Lighting & Power Company v. Brooks,* 161 Tex. 32, 336 S.W.2d 603 (1960).

In *Biggers v. Continental Bus System,* 157 Tex. 351, 303 S.W.2d 359, 369 (1957), the Supreme Court stated its position regarding the action to be taken by the then Courts of Civil Appeals in ruling on the issue of factual insufficiency points, quoting from *Barker v. Coastal Builders, Inc.,* 153 Tex. 540, 271 S.W.2d 798, 812 (1954) as follows:

"If in the light of our analysis of the evidence and its mature consideration thereof the Court of Civil Appeals should conclude that the jury verdict is contrary to the great weight and preponderance of the evidence, it should have no hesitancy in reversing the judgment and remanding the case for retrial. If it should reach the opposite conclusion, it should affirm. In either event what we have said on the law question of 'no evidence' should be no impediment and no source of embarrassment to the Court of Civil Appeals' own proper evaluation of the evidence on the fact question of 'insufficient evidence' because that court and that court alone is made the final arbiter of that question."

To our knowledge, the position of the Supreme Court has not changed.

Where jury findings are challenged as being contrary to the overwhelm-ing weight and preponderance of the evidence, we are mindful of the rule that requires us to consider all of the evidence in the case, and set aside the verdict and remand for a new trial if we conclude that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). The evidence supporting the verdict is to be weighed along with other evidence in the case, including that which is contrary to the verdict. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). Although not specifically stated in our original opinion, the above tests were utilized and applied.

We understand the proper test for the "foreseeability" element of proximate cause to be whether Johnson, as a person of ordinary intelligence and prudence, should have anticipated the danger to others created by his operation of the truck at the speed he was traveling at the time and place in question. Granted that the rule of foreseeability does not require that he anticipate just how the injuries might grow out of his conduct, nevertheless the test is "whether he ought reasonably to have foreseen that the event in question, or some similar event, would occur." *Clark v. Waggoner,* 452 S.W.2d 437, 440 (Tex.1970). We also recognize that Johnson was not required to anticipate negligent conduct on the part of Lofton. *DeWinne v. Allen,* 154 Tex. 316, 277 S.W.2d 95, 98 (1955); *Blackburn v. Cooner,* 509 S.W.2d 641 (Tex.Civ. App.—Amarillo 1974, no writ); *Day v. McFarland,* 474 S.W.2d 946 (Tex.Civ.App. —Tyler 1971, writ ref'd n.r.e.); *Holland v. Collins,* 457 S.W.2d 177 (Tex.Civ.App.— Amarillo 1970, writ ref'd n.r.e.). On the other hand Johnson could not close his eyes to that which was plainly visible and which would have been observed by a person of ordinary prudence similarly situated. *Lynch v. Ricketts,* 158 Tex. 487, 314 S.W.2d 273, 275 (1958).

Johnson was traveling on a through highway and had the right-of-way. Lofton, who was in his vehicle on the shoulder of the highway approximately 300 feet from

the nearest intersection, had the duty to yield the right-of-way to the vehicle being operated by Johnson. We acknowledge that Lofton's duty to yield the right-of-way to Johnson's truck was not absolute, but relative. *McWilliams v. Muse*, 157 Tex. 109, 300 S.W.2d 643, 645 (1957). The jury found that Lofton failed to keep a proper lookout which was a proximate cause of the occurrence. The jury also found that Lofton was negligent in failing to yield the right-of-way which was a proximate cause of the occurrence. Until the very moment when it became evident that Lofton would not yield the right-of-way to the vehicle being driven by Johnson, Johnson was not required to anticipate negligent or unlawful conduct on the part of Lofton. *DeWinne v. Allen*, 154 Tex. 316, 277 S.W.2d 95, 98 (1955).

It has long been the rule that in determining what an ordinarily prudent man would do under given circumstances, the time available for realization and reaction is of extreme importance. *Barnes v. General Motors Corp.*, 653 S.W.2d 85, 91 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.); *Caughman v. Glaze*, 412 S.W.2d 357, 361 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.).

Again recognizing the rules governing our review of insufficient evidence points, and mindful of the rule enunciated in *Liberty Film Lines, Inc., v. Porter*, 136 Tex. 49, 146 S.W.2d 982 (1941) and *Enloe v. Barfield*, 422 S.W.2d 905 (Tex.1967), and after another careful review of the record as a whole, and consideration of the time available to Johnson for realization and reaction, we are still of the opinion that the evidence is extremely weak upon the element of foreseeability and upon the element of "cause in fact." *Kehlenbrink v. Pickens*, 656 S.W.2d 668 (Tex.App.—Waco 1983, writ ref'd n.r.e.); *Golleher v. Herrera*, 651 S.W.2d 329 (Texas App.—Amarillo 1983, no writ); *Hailes v. Gentry*, 520 S.W.2d 555 (Tex.Civ.App.—El Paso 1975, no writ); *Blackburn v. Cooner*, 509 S.W.2d 641 (Tex.Civ.App.—Amarillo 1974, no writ); *Central Freight Lines, Inc. v. Bergeron*, 470 S.W.2d 117 (Tex.Civ.App.—Beaumont 1971, writ ref'd n.r.e.); *Farnie v. Fair Store*, 304 S.W.2d 752 (Tex.Civ.App.—Beaumont 1957, writ ref'd n.r.e.).

Motion for Rehearing overruled.

SEARS, Justice, concurring.

I concur in the overruling of the Motion For Rehearing; however, I find *no evidence* to support the jury finding that appellant Johnson's speed was a proximate cause of the accident, and I would render a judgment for appellants.

On Motion for Rehearing the appellee has indicated that the majority opinion found sufficient evidence that appellant's speed was a "cause in fact" but failed to find sufficient evidence regarding "foreseeability." However, the majority does not find that appellant's speed was a cause in fact of the accident, nor do we find *any* foreseeability that will satisfy the test for proximate cause.

Appellee relies heavily on the testimony of the accident reconstructionist, and it was his testimony that established appellant's speed at forty-one miles per hour at the time of the accident. The posted speed limit was fifty-five miles per hour; therefore, appellant was driving at a speed twenty-five percent less than the posted speed limit. There was testimony concerning heavy fog, and the jury could find appellant negligent in driving at an excessive speed under these conditions. Nevertheless, under the facts of this case, the speed of appellant was not a proximate cause of the collision. The jury found appellee was negligent in failing to keep a proper lookout and failing to yield the right-of-way, and found both to be proximate causes of the accident. Whether we consider the testimony of appellant or the accident reconstructionist, it is clear that when appellee started across the highway there was not sufficient time or space for appellant to avoid the collision, regardless of the intensity of the fog at the time of the collision.

Appellee, while having no recollection of the events leading up to the accident, would have us believe that the speed of

appellant was a proximate cause of the accident regardless of the speed at which appellant was traveling. In other words, appellee contends that because appellant's vehicle was moving, it was a proximate cause of the accident. Appellee, throughout the direct and cross-examination of witnesses and particularly during argument to the jury, took the position that if appellant had reduced his speed "just one mile per hour" at any point along his route, he would have avoided the collision. The jury evidently was impressed by that argument. I am not. It could just as easily be argued that if appellant had increased his speed one mile per hour, had one cup of coffee more, or one cup less, he would not have been at that particular spot in the road at the time in question. However, so long as appellee pulled into appellant's path *at such a point in time* that appellant could not avoid the collision, speed cannot be a proximate cause.

The "cause in fact" or "but for" test to be applied to determine the first prong of the definition of proximate cause, under the evidence produced in this case, can only be applied to the acts of appellee. Those acts were as follows:

1) Appellee failed to enter the highway on which appellant was traveling at the controlled intersection for such entry.

2) Appellee travelled approximately 300 feet towards appellant on the shoulder of appellant's side of the road (the wrong side of the road).

3) Appellee then stopped and parked for an undetermined period of time, facing the oncoming traffic.

4) Appellee waited until appellant could not possibly avoid the accident and then for some unexplained reason appellee accelerated his vehicle into the path of appellant's truck.

5) Appellee failed to keep a proper lookout.

6) Appellee failed to yield right-of-way.

I therefore arrive at the inescapable conclusion that "but for" the negligent acts of appellee, the collision would not have occurred. Nothing that appellant did or failed to do was a proximate cause of the collision.

Each case should be controlled by its own unique facts and circumstances. *Great Atlantic & Pacific Tea Co. v. Evans,* 142 Tex. 1, 175 S.W.2d 249 (1943); *Central Freight Lines, Inc. v. Bergeron,* 470 S.W.2d 117 (Tex.Civ.App.—Beaumont 1971, writ ref'd n.r.e.). The driver of a vehicle whose speed is alleged to be a proximate cause should be found liable by reason of such speed only if the accident in question was *reasonably foreseeable,* under these unique facts and circumstances, and could have been avoided *but for* the speed of the driver in question. *See Clark v. Waggoner,* 452 S.W.2d 437 (Tex.1970). In the event the accident in question was not reasonably foreseeable, or, in the event it was reasonably foreseeable but could not have been avoided even if the driver reduced his speed, then speed is not a proximate cause of the accident. This court in *Thornton v. Campise,* 459 S.W.2d 455, 458 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.), has held that in order for the act complained of to be a proximate cause, the situation must be such that the collision would not have occurred "but for" said act. To hold a driver to a strict requirement that he "foresee" each and every possible accident-threatening occurrence, or to make speed a proximate cause merely because a vehicle is moving and "but for" that movement the accident might not have occurred, is not logical or in the best interest of justice. So long as appellee chose, for whatever reason, to dart into the path of appellant's truck at such a point in time so as to make the collision inevitable and unavoidable, I cannot hold that merely because appellant's vehicle was moving at *some speed,* that speed was a proximate cause of the accident. The *Biggers* opinion[1] and all cases reviewed by it or subsequent to it have a

**1.** *Biggers v. Continental Bus System,* 157 Tex.   351, 303 S.W.2d 359 (1950).

common element woven into the opinions and the reasoning of the courts, and that common element is time: *Time to take evasive action.* All those cases dealing with the negligence of a driver who collides with another vehicle which is in the wrong lane have found speed to be a proximate cause *only* when the negligent acts of the driver in the wrong lane occurred at such a point in time that they were seen or perceived with sufficient time remaining before the impact for the other driver to "foresee" a collision and therefore reduce speed or take other evasive action.

The supreme court has even held that when a driver is traveling at a greater rate of speed than a person of ordinary prudence would have traveled under the existing circumstances, that excessive speed is not necessarily a proximate cause of a subsequent collision. *Baumler v. Hazelwood,* 162 Tex. 361, 347 S.W.2d 560, 564 (1961). The court also found in *Baumler* that although there existed "some evidence of foreseeability from speed itself under the circumstances," there was "no evidence that Baumler's speed, whatever it was, was a proximate cause of the accident." The *Baumler* case has less evidence of actual speed than the case at bar; nonetheless, both juries resorted to pure speculation to determine whether or not the accident would have occurred "but for" the speed of appellant. We cannot allow speculation to dictate the jurisprudence of this great state.

The *Biggers* court recognized the significance of the ratio between "speed as a proximate cause" and "time to avoid" when they said: "We think there can be no doubt that if the Ford crossed over into the traffic lane in such a short time the bus driver could not put on his brakes, or slow his speed before the bus was on the Ford car, then the failure on the part of the bus driver to keep a proper lookout, to slow down, or apply brakes could not possibly be a proximate cause of the collision." *Biggers v. Continental Bus System,* 157 Tex. 351, 298 S.W.2d 79, 83 (1956). In the subsequent opinion in *Biggers,* the majority of the court said that if it could agree with the premise that the Ford "jumped" in front of the

bus less than two seconds before the collision, it might find justification for setting aside the jury's findings. 303 S.W.2d at 363. See also Justice Griffin's dissent at 370.

In this case, nothing could be clearer from the evidence than the fact that appellee "jumped" in front of appellant less than two seconds before impact. It follows that appellant could not foresee the negligent acts of appellee anymore than he could avoid the collision with appellee. Appellant had reduced his speed twenty-five percent below the posted speed limit, and there is simply *no evidence* that his speed was a proximate cause of this collision.

Based on the foregoing, it is further my opinion that appellant should recover his damages from appellee due to the negligent acts of appellee being the only proximate causes of the collision.

JUNELL, Justice, dissenting.

For the reasons set forth in my original dissenting opinion in this case, I still disagree with the opinions of both of my colleagues on motion for rehearing. Therefore, I still respectfully dissent.