**Andrew K. LOFTON, Petitioner,**

v.

**TEXAS BRINE CORPORATION, et al., Respondents.**

**No. C–4850.**

Supreme Court of Texas.

Dec. 3, 1986.

Gene Hagood, Brown, Todd, Hagood & Davenport, Alvin, for petitioner.

David V. Jones, Roger Townsend, Houston, and David L. Treat, San Antonio, Fulbright & Jaworski, for respondents.

## PER CURIAM.

The issue in this personal injury case is whether the court of appeals applied the correct legal standard in reviewing the factual sufficiency of evidence. Andrew K. Lofton was awarded $113,500 for personal injuries resulting from a collision between his car and a truck driven by Morris Wayne Johnson for Texas Brine Corporation. The court of appeals reversed the trial court's judgment, holding the evidence factually insufficient to support the jury's finding that Johnson's speed proximately caused the collision. 698 S.W.2d 691. We grant the application for writ of error and, without hearing oral argument, reverse the judgment of the court of appeals. Tex.R. App.P. 133(b).

In discussing Lofton's theory on the foreseeability element of proximate cause, the court wrote: "The jury evidently believed appellee's argument; we do not." On rehearing, a concurring justice concluded: "Nothing could be clearer from the evidence than the fact that appellee 'jumped' in front of appellant less than two seconds before the impact." *Id.* at 698. (Sears, J., concurring on rehearing). These statements are conclusory. In reviewing factual sufficiency points, the court of appeals is not called on to summarily disregard evidence or to substitute its judgment for the jury's. Rather, the court of appeals is called on to apply legal analysis to the evidence and avoid summary conclusions.

From our reading of the statement of facts, it appears the court did not fully consider the evidence in determining the sufficiency points. A court of appeals must review all of the evidence in deciding this question. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). Further, when reversing a trial court's judgment after concluding the supporting evidence is insufficient, the court of appeals must detail the relevant evidence introduced at trial and clearly state why the jury's finding is factually insufficient. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986). The court should state in what regard the contrary evidence greatly outweighs the evidence supporting the jury's verdict. *Id.; Alm v. Aluminum Co. of America*, 717 S.W.2d 588 (Tex.1986).

In this case, the court of appeals failed to consider all of the evidence before reversing the jury's verdict. In addition, the court did not clearly detail how the evidence supporting the verdict was insufficient. We reverse the judgment of the court of appeals and remand this cause to that court for further consideration of the factual sufficiency points of error.