Andrew K. LOFTON, Petitioner,

v.

TEXAS BRINE CORPORATION, et al., Respondents.

No. C–7642.

Supreme Court of Texas.

Sept. 20, 1989.

Rehearing Denied Nov. 1, 1989.

Gene Hagood, Alvin, for petitioner.

Roger Townsend and W. Wendell Hall, Houston, for respondents.

DOGGETT, Justice.

Petitioner, Andrew K. Lofton sued Texas Brine Corporation and its employee Morris Wayne Johnson for personal injuries he received in a collision between the pick-up truck he was driving and a loaded eighteen-wheel semi-tractor-trailer rig driven by Johnson in the course and scope of his employment. The trial court rendered judgment on a jury verdict favorable to Lofton. The court of appeals held the evidence was factually insufficient to support the jury's finding that Johnson's negligence was a proximate cause of the accident. 751 S.W.2d 197. We hold that the court of appeals applied the incorrect legal standard in its review of the sufficiency of the evidence. We reverse the judgment of the court of appeals and remand the cause to that court for further consideration in accordance with this opinion.

It is undisputed that when the accident occurred fog significantly impaired visibility. The jury found that both Johnson's speed and Lofton's failure to keep a proper lookout constituted negligence proximately causing the accident. Causative negligence was apportioned 65% to Johnson and 35% to Lofton. Lofton's damages were determined to be $113,500. The trial court rendered judgment on the jury verdict for Lofton for 65% of $113,500, plus prejudgment and post-judgment interest and costs.

On appeal a divided panel of the court of appeals held the evidence was factually insufficient to support the finding of proximate cause against Johnson. 698 S.W.2d 691. On the first application to this court, we granted writ of error and, without hearing oral argument, reversed and remanded to the court of appeals. We held that the opinion of that court failed to detail all of the relevant evidence, to clearly state why the evidence supporting the jury's finding was insufficient, and to state in what regard the contrary evidence greatly outweighs the evidence supporting the jury's verdict. Lofton v. Texas Brine Corp., 720 S.W.2d 804 (Tex.1986) [Lofton I]. In particular, we wrote that the court of appeals could not base its analysis on the conclusion quoted from the concurring opinion overruling Lofton's motion for rehearing, viz., "Nothing could be clearer from the evidence than the fact that appellee 'jumped' in front of appellant less than two seconds before the impact." Lofton I at 805. The court of appeals' original opinion

was contrary to this court's opinions in *Alm v. Aluminum Co. of America*, 717 S.W.2d 588 (Tex.1986), and *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986).

On remand, the same court of appeals panel again held that the evidence was factually insufficient to support the proximate cause finding. 751 S.W.2d 197. The opinion on remand criticizes this court's failure to accept the "irrefutable" fact that Lofton's vehicle jumped out in front of Texas Brine's rig less than two seconds before impact. The whole opinion is based on the premise that such factual conclusion was established as a matter of law. The original concurring justice adopted his prior concurrance, and the original dissenting justice adopted his original dissent. In essence, nothing has changed. The court of appeals disregarded the direct instructions of this court.

■ This court need not defend its opinions from criticism from courts of appeals; rather they must follow this court's pronouncements. Nevertheless, since we assume the majority of the court of appeals panel has honestly had difficulty recognizing some contrary evidence and inferences and applying the correct standards of law, we will briefly present a review of why the lower court's analysis is incorrect. In this review we do not give *every* reason the analysis is incorrect.

■ The conclusion that Lofton jumped out from the wrong side of the road in front of Johnson less than two seconds before impact was not established as a matter of law. The physical evidence taken without expert interpretation does not establish this. No tire marks or tread moldings of Lofton's truck on the wrong side of the road were admitted in evidence. Pictures of the skid marks admitted in evidence show the marks from Lofton's pickup truck are on his side of the road, and that the skid marks from Johnson's semi rig curve into Lofton's lane of traffic.

■ Johnson's testimony as an interested witness did not establish the fact as a matter of law. Testimony by an interested witness may establish a fact as a matter of

law only if the testimony could be readily contradicted if untrue, and is clear, direct and positive, and there are no circumstances tending to discredit or impeach it. *Gevinson v. Manhattan Construction Co.*, 449 S.W.2d 458, 467 (Tex.1969). Lofton and Johnson were the only witnesses to the accident. Lofton's inability to contradict Johnson was adequately explained by the evidence that Lofton received a severe head injury and remembered nothing about the accident.

Johnson's testimony was neither free from internal inconsistency nor free from circumstances tending to impeach it. Johnson testified on deposition that all the skid marks were in his lane of traffic, but when confronted with the pictures in evidence at trial modified this testimony. The distances and other details varied in each version of Johnson's testimony. Captain Charles Ruble, the accident reconstruction expert witness hired by Texas Brine Corporation and Johnson testified that portions of Johnson's testimony (including distances in particular) were impossible to reconcile with the physical evidence.

Captain Ruble's testimony does not establish the asserted facts as a matter of law, since it was conclusory and not free from internal inconsistency or impeaching circumstances. At one point Ruble testified he had "come back up with a minimum 41 miles per hour speed at impact" for Johnson's truck, while at another point he testified he calculated "a range of thirty-eight to forty-three" as Johnson's speed. He admitted that the coefficient of friction for the road upon which his calculations and conclusions were based assumed a dry surface although there was evidence the pavement was wet and slick.

Ruble testified that the skid marks of Lofton's pickup showed that at impact it was transverse across the roadway with its bed extending 5 to 7 feet into Johnson's lane of traffic. But Ruble testified that from the physical evidence alone, he had at first theorized that Lofton had begun a U-turn. The physical evidence alone thus did not allow Ruble to conclude that Lofton darted from the other side. Only after a

hypothetical question based upon Johnson's testimony that "the first time" Johnson "noticed the headlights was when he saw headlights to the right side of his cab approaching in front of his truck," did Ruble fully expound his theory that Lofton darted from the other side of the road. Additionally, Ruble's time estimates assumed the veracity of Johnson's testimony that he began evasive action and the braking process at the instant he saw Lofton's vehicle. Because it was based at least in part upon testimony provided by an interested witness, which the jury need not have believed, Ruble's opinion on this point, even if uncontradicted, does not establish the fact as a matter of law.

The court of appeals may not take as fact the conclusion that Lofton made an illegal maneuver so quickly that Johnson did not have time to avoid a collision. Such a conclusion again would take as true testimony based at least in part on the testimony of the interested witness Johnson. Further, the presumed wrongful conduct of another may not be used to require that the exact sequence of events that produces the accident be foreseeable. There was evidence that Johnson's speed was 40 to 50 miles per hour, and that the fog was so thick that at that speed one could not stop or avoid an object in the roadway after seeing it. The evidence established that Johnson knew visibility was impaired. The general danger of driving so fast in fog that one cannot stop or avoid an object in the roadway is foreseeable. The particular manner in which the object (Lofton's pickup) got in the roadway need not be foreseeable in this impaired visibility situation. This court has repeatedly held that only the general danger need be foreseeable, not the exact sequence of events that produced the harm. *Nixon v. Mr. Property Management Corp.*, 690 S.W.2d 546, 550–51 (Tex. 1985); *Trinity River Authority v. Williams*, 689 S.W.2d 883, 886 (Tex.1985); *Clark v. Waggoner*, 452 S.W.2d 437, 440 (Tex.1970). The dissenting justice in the court below was correct regarding the appropriate legal standard for reviewing the evidence.

We lack jurisdiction to determine the factual sufficiency of this evidence. *Tex. Const.* art. V, § 6; *In re King's Estate*, 150 Tex. 662, 665–66, 244 S.W.2d 660, 661–62 (1951). We hold only that the court of appeals may not, as it has thus far done, substitute its own judgment for that of the finder of fact. Accordingly, we reverse the judgment of the court of appeals and remand the cause for further consideration in accordance with this opinion.

GONZALEZ, J., dissents and files opinion.

HECHT, J., dissents and files opinion joined by PHILLIPS, C.J., and COOK, J.

GONZALEZ, Justice, dissenting.

I agree with Justice Hecht's opinion but write separately to note that my fear that *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986) would be used by this court to second guess the courts of appeals has been realized. *See Pool*, 715 S.W.2d at 638 (Gonzalez, J., concurring). The court of appeals has twice found the evidence factually insufficient; we have no jurisdiction to review it.

The accident that gave rise to this lawsuit occurred in January 1981. The case was tried in March 1983. The court of appeals initially remanded this case for a new trial in April 1985. Since then we have been playing ping pong with the court of appeals and have prevented this case from being retried.[1]

In *Pool*, the court acknowledged that the overwhelming majority of the courts of appeals applied the correct standards of review but nonetheless imposed on the courts of appeals a new requirement to detail the evidence when reversing on sufficiency grounds. We are now swamped with requests to second guess the courts of appeals, that is, to make rulings on sufficien-

1. *See Texas Brine Corp. v. Lofton,* 698 S.W.2d 691 (Tex.App.—Houston [14th Dist.] 1985), *rev'd per curiam,* 720 S.W.2d 804 (Tex.1986); *on re-* mand, 751 S.W.2d 197 (Tex.App.—Houston [14th Dist.] 1988).

cy grounds. The losing party will always allege that the court of appeals erred in reversing a jury verdict or if it refuses to reverse on sufficiency grounds, that the court of appeals used the wrong standard. Either way, this court is becoming entangled in the review of cases on sufficiency grounds; this is clearly unconstitutional. Tex.Const. art. V, § 6; *Herbert v. Herbert*, 754 S.W.2d 141, 143 (Tex.1988).

The cost of *Pool* in terms of added delay and expense of litigation does not outweigh the benefits. The cure is worse than the disease. Thus, I would overrule *Pool*. For these reasons, I dissent.

HECHT, Justice, dissenting.

I dissent.

The Court cannot hold that the evidence in this case is factually sufficient to support the judgment. Article V, section 6 of the Texas Constitution makes the court of appeals' determination of the factual insufficiency of the evidence in a case "conclusive". This Court has repeatedly acknowledged, as it must, that it has no authority to review that determination except to ascertain that it was lawfully made—that is, that the appeals court considered all the evidence and stated its reasons for judging the evidence insufficient to support a finding of fact. *See Alm v. Aluminum Co. of America*, 717 S.W.2d 588, 594–595 (Tex. 1986); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 633–635 (Tex.1986); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–662 (1951).

Stymied by the constitution, the Court cannot decree the result it rather plainly wants to see in this case. To accomplish the desired end, the Court must keep reversing the judgment of the court of appeals until it reaches a result that the Court approves. Always the ground for reversal is that the appeals court either cannot or will not follow the law. For this Court to hold that an appeals court has not conducted its factual insufficiency analysis in a lawful manner, simply to coerce that court into changing its conclusion, is to usurp the constitutional prerogative of the court of appeals. That is what I believe is happening in this case.

Twice the court of appeals has reviewed the evidence in this case and judged it to be factually insufficient to support the judgment. The court of appeals' opinions reflect that it has thoroughly reviewed the evidence in this case by the correct legal standards and concluded that it does not support the judgment. Twice this Court has reversed the court of appeals for failing to review the evidence by the proper legal standards. The Court assumes that the court of appeals "has honestly had difficulty" in recognizing the evidence and following the law. The Court's stated basis for reversal is diaphanous, and its real reason apparent: the Court simply does not agree with the appeals court's result. The Court may not agree with the constitutional delegation of the exclusive power to review the factual sufficiency of evidence to the court of appeals; indeed, I suspect rather strongly that it does not. But surely the Court is constrained to follow the constitution, and it should not attempt to circumvent this disfavored provision by accusing the appeals court of failing to perform its legal duty.

The appeals court's central conclusion, after twice reviewing the entire record in much detail, is that the evidence is overwhelming that defendant driver's conduct was not a proximate cause of this accident. The evidence the court finds overwhelming indicates that the plaintiff drove his vehicle suddenly into the defendant driver's path on a foggy night so that the defendant driver could not have avoided the collision. The appeals court calls this evidence undisputed, and it was, in the sense that the Court can point to no directly conflicting evidence. This is not to say that the evidence was not vigorously challenged. As the Court correctly notes, discrepancies in the witnesses' testimony allowed the plaintiff to dispute the defendants' position. At one point the appeals court calls the evidence that the plaintiff's vehicle jumped in front of the defendant driver's vehicle "irrefutable". That characterization is exaggerated, to be sure, but the appeals court's extensive opinion should not be judged by one overstated word.

This overstatement, however, is precisely the focus of this Court's criticism. "The whole opinion," the Court sweepingly declares, "is based on the premise that such factual conclusion was established as a matter of law." In other words, the Court reads the court of appeals opinion to say that there is no evidence that the defendant driver's conduct was a proximate cause of the accident.

The relief granted by the court of appeals manifests that the Court is wrong in its criticism. Had the court of appeals concluded that there was no evidence that defendant driver's conduct was a proximate cause of the accident, it would have been required to render judgment for defendants rather than merely giving them a new trial, unless justice required a remand. *See Mobil Oil Corp. v. Frederick*, 621 S.W.2d 595, 596 (Tex.1981). Absent any mention of considerations requiring a remand, the court of appeals' duty was to render judgment for defendants if there was no evidence their actions were a proximate cause of the accident. *See Nat'l Life & Acc. Ins. Co. v. Blagg*, 438 S.W.2d 905, 909–910 (Tex.1969). The relief granted by the court of appeals, remand rather than rendition, establishes that it did not view the absence of proximate cause to have been established as a matter of law, contrary to this Court's accusation.

Although the Court seems to suggest that the court of appeals has failed to review all the evidence in the case, I find no significant piece of evidence in the Court's opinion omitted from the court of appeals' opinions. The Court in its prior opinion singled out two conclusory statements, one in the appeals court majority opinion and one in a concurring opinion on motion for rehearing, and used them to suggest, most unfairly, that the appeals court's entire opinion was nothing but conclusions. The appeals court's opinions analyze the evidence in considerable detail.

The Court states: "The court of appeals disregarded the direct instruction of this court." The harshness of the Court's language toward the court of appeals appears to be in response to the statement of one member of the appeals court panel "respectfully disagree[ing]" with the Court's first opinion. Certainly, the duty of the appeals court is to follow this Court's opinions, not to express its agreement or disagreement. I would consider its failure to discharge its duty a serious matter. However, I believe the appeals court has fully discharged its duty in this case. One judge's meek remonstration, born obviously of the frustration of having to repeat an analysis to meet unfair criticism, is hardly insubordination deserving of the Court's blunt rebuke.

Now the court of appeals must take a third look at the evidence in this case. Perhaps it will omit the characterizations, "undisputed" and "irrefutable", which the Court finds objectionable. Perhaps it will adopt the Court's extensive, and unauthorized, analysis as its own, quoting it at length. Perhaps it will patiently follow every directive the Court has given, however unfair and unreasonable it may seem. Perhaps it will nevertheless reach the same conclusion, and test how far this Court will go in attempting to influence a decision the constitution denies the Court the power to make. Or perhaps the court of appeals will succumb to the pressure from the Court and abandon the conclusion it has now reached twice in what certainly appears to be good faith.

The Court rightly holds that the court of appeals may not substitute its judgment for the finder of fact. Likewise, the Court is constitutionally forbidden to substitute its judgment for the court of appeals. In his concurring opinion in *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 638 (Tex.1986), Justice Gonzalez expressed his fear that the Court was trying to fashion some justification for second-guessing the courts of appeals in the exercise of their constitutional prerogative to judge the factual sufficiency of the evidence in a case. Today, those fears approach reality.

Accordingly, I dissent.

PHILLIPS, C.J., and COOK, J., join in this dissenting opinion.