**A. C. VAUGHN, Appellant,**

v.

**HIGHLANDS UNDERWRITERS INSURANCE COMPANY, Appellee.**

No. 15507.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Sept. 11, 1969.

Rehearing Denied Oct. 9, 1969.

Harris County to New Gulf. There the truck was loaded with liquid sulphur. He then drove back to the plant where the truck was unloaded. The round trip is usually completed in approximately four hours. He made three trips per shift and was on duty about fifteen hours. He was paid $10.00 a trip. After he made three trips another driver would make three trips in the same truck. It was their custom to stop for food at a roadside cafe in Rosenberg on the second return trip.

Appellant began work on the night of the injury at ten o'clock. When he reached the plant with his first load of sulphur, the plant was broken down. The sulphur pit was full and the truck could not be unloaded. Appellant was told that it would be about two and one-half hours before the truck could be unloaded. He reported to the dispatcher on duty that night. The dispatcher told him to eat because he would not be able to stop after the plant began operating. He had to eat then or not at all. He had last eaten at 8:30 or 9:00 o'clock before coming to work. It was then about 2:00 o'clock, and he could not expect to finish his three trips before 2:00 o'clock in the afternoon.

There was no cafe in the vicinity of the plant open at that hour of the night. Appellant started for Early Roberts Cafe, which was several miles away, on his motorcycle. He had eaten there when he had completed his shift at night, but had never eaten there during his shift. He was injured in a collision with a motor vehicle before he reached the cafe.

■ In order that an injury will be held to have been sustained in the course of employment, there must be proof that the injury occurred while the claimant was engaged in or about the furtherance of his employer's affairs or business, and that the injury was of a kind and character that had to do with and originated in the employer's work, trade, business or profession. Texas General Indemnity Company v. Bottom, 365 S.W.2d 350 (Tex.1963).

W. Douglas Matthews, Joseph F. Archer, Houston, for appellant.

Bracewell & Patterson, Ronald C. Kline, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from a summary judgment granted defendant insurance company in a workmen's compensation case. The vital question is whether appellant was in the course and scope of his employment while traveling on his own motorcycle from his place of employment to a restaurant where he intended to eat. We reverse the judgment of the trial court.

Vaughn was employed by American Plant Food Corporation as a truck driver. He drove a sulphur truck from the plant in

As a general rule an injury received while using the public streets in going to or returning from the place of employment is not compensable because not incurred in the course of employment. There is an exception to this rule where the employee has undertaken a special mission at the direction of the employer or is performing a service in furtherance of the employer's business with the express or implied approval of the employer. Texas General Indemnity Company v. Bottom, supra; American General Insurance Co. v. Coleman, 157 Tex. 377, 303 S.W.2d 370 (1957).

In Johnson v. Pacific Employers Indemnity Company, 439 S.W.2d 824 (Tex.1969), the Supreme Court of Texas states that an injury is compensable when it is sustained by an employee during a deviation from his regular or more convenient route of travel to or from work to perform a service in furtherance of the affairs or business of his employer.

The decisive question in this case is whether the action of appellant in making what was to him an unnecessary trip to get food, at the direction of his employer, constituted the performance of a service in furtherance of the employer's business.

Appellant's job required that he work for fifteen hours. Obviously the employee would require food during that period of time. The dispatcher recognized this when he told appellant that he couldn't stop to eat on his next load. An inference could be drawn that the dispatcher knew of the custom of stopping in Rosenberg at that time near the middle of the shift. Appellant testified that when the plant got behind, "they turned the acid plant up". The plant could use the sulphur faster than the truck drivers could bring it in. Here the employee was directed to make the trip for the sole purpose of securing food. The trip would not have been made in the absence of such an order.

In Janak v. Texas Employers' Insurance Association, 381 S.W.2d 176 (Tex.1964), the court considered the question of a deviation in route for the purpose of securing ice and determined that where the deviation from the direct route to work was for such a purpose, all of the members of the car pool were performing a service in furtherance of the employer's business. In the opinion the court stated:

"If the deviation to Runge had been for the purpose of picking up tools essential to the drilling operation, the travel would clearly be impliedly directed by the employer. On the other hand, if the deviation to Runge had been for the purpose of permitting one or more of the crew members to buy a particular kind of hamburger for lunch, the travel would just as clearly not be impliedly directed by the employer. The deviation to obtain ice falls somewhere in between. Ice for the water was perhaps not absolutely essential to continuation of the drilling operation, but it is sound to say that it was reasonably essential to a satisfactory continuation thereof. The necessity for the deviation may be compared to the necessity in the 'personal comfort' cases in which an employee turns aside from his on-the-job work to get a drink, get warm, get fresh air or go to a restroom. As to these cases, Larson states that 'the wants ministered to are so obviously in the category of necessities that no question arises about their being basically in the course of employment'; and that 'The only issue on which compensation is sometimes denied is that of seeking these facilities in an unreasonable manner.' See Larson, supra, § 21.50. In refusing writ of error in Southern Surety Co. v. Shook, Tex.Civ. App., 44 S.W.2d 425, we approved this language found at page 427 of the opinion: 'When a man is employed to work at any job, the fact that he is human, with ordinary human habits and requirements, is necessarily taken into consideration.' "

Had appellant been sent to get ice or tools, probably there would have been no

question raised as to the compensable nature of his injuries. The same result would follow had he been sent for food for the plant crew. The fact that he was sent to get food for his own use does not present an essential difference. He was engaged in performing a service in furtherance of the employer's business. Southern Surety Co. v. Shook, 44 S.W.2d 425 (Tex.Civ.App. —Eastland 1931, writ ref.).

 The so-called "dual-purpose rule" found in Section 1b, Art. 8309, Vernon's Ann.Tex.Civ.St., does not control this case. A jury could conclude that appellant was directed in his employment to proceed from one place to another place, and that the trip was not in "furtherance" of the personal or private affairs of appellant as that term is construed in Johnson v. Pacific Employers Indemnity Company, supra. There the court said: "* * * the word 'furtherance' connotes the conferring of a benefit on the employee by helping to forward or advance his personal or private affairs; and we do not think that travel by an employee to or from work over a deviated and less convenient route, undertaken only because directed by the employer, is in 'furtherance' of the employee's personal or private affair of getting to or from work."

Since this is a summary judgment case, the burden is on appellee to negative the existence of any material issue of fact. In discussing the facts of this case we have taken in its most favorable light to appellant the testimony found in appellant's deposition, and the inferences which might be drawn therefrom.

Paraphrasing a paragraph from Johnson v. Pacific Employers Indemnity Company, supra, there is evidence that (1) appellant was expressly "directed in his employment to proceed from one place to another place," and he is not, therefore, precluded from a recovery by the limiting provisions of the first sentence of Section 1b, Article 8309; (2) appellant's only personal interest in traveling on Clinton Drive toward the cafe was to secure food which he would have gotten in Rosenberg, and such travel was not in furtherance of his personal or private affairs; (3) the statutory dual-purpose rule is not applicable in determining whether appellant was injured in the course of his employment; (4) while traveling to the cafe, appellant was "engaged in or about the furtherance of the affairs or business of his employer", and (5) appellant was injured in the course and scope of his employment.

The judgment of the Trial Court is reversed, and the cause is remanded to that court.