ELLIS COUNTY STATE BANK et al., Petitioners,

v.

Glenn KEEVER, Respondent.

No. 95–0859.

Supreme Court of Texas.

Nov. 16, 1995.

Rehearing Overruled March 7, 1996.

Ben Taylor, Dallas, for Petitioner.

Robert E. Wood, Dallas, for Respondent.

PER CURIAM.

We again consider whether the court of appeals correctly reviewed punitive damages. *See Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 31 (Tex.1994). Without hearing oral argument, a majority of the Court reverses the court of appeals' judgment and remands this case for further proceedings. TEX.R.APP.P. 170.

Glenn Keever sued Ellis County State Bank and others for malicious prosecution. The trial court granted judgment for Keever on the jury's verdict and awarded him actual damages, punitive damages and interest. On the first appeal, the court of appeals reversed the judgment for prejudgment interest on punitive damages but otherwise affirmed. 870 S.W.2d 63. This Court affirmed the actual damage awards against the Bank, defendant Hastings, and defendant Fletcher. 888 S.W.2d 790. However, we found no evidence to support liability against defendant Harris. 888 S.W.2d at 794. We remanded the case for the court of appeals to reconsider the punitive damage award under the *Moriel* standard. 888 S.W.2d at 799.

*Moriel* requires a court of appeals to detail the relevant evidence in its opinion. The court of appeals must explain why that evidence either supports or does not support the punitive damages award in light of the *Kraus* (616 S.W.2d 908 (Tex.1981)) factors. *Moriel,* 879 S.W.2d at 31.

This Court fashioned the *Moriel* standard from *Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex.1986). In *Pool,* we held that a court of appeals must detail the evidence relevant to the issue when it reverses a jury's decision for factually insufficient evidence. *Pool,* 715 S.W.2d at 635. We later interpreted *Pool* to require a court of appeals to also detail the relevant evidence in support of the jury's answer to the issue in question. *Jaffe Aircraft Corp. v. Carr,* 867 S.W.2d 27, 28 (Tex. 1993). Finally, in *Moriel* we stated that a "[*Pool* ] review is appropriate when a court of appeals is *affirming* [a punitive damage] award over a challenge that it is based on insufficient evidence or is against the great weight and preponderance of the evidence." *Moriel,* 879 S.W.2d at 31. Therefore, *Moriel* requires the court of appeals, when conducting a factual sufficiency review of a punitive damages award, to detail all the relevant evidence and explain why that evidence supports or does not support the punitive damages award. *Moriel,* 879 S.W.2d at 31.

On the first remand, the court of appeals noted only evidence supporting the punitive damages award. We again remand for the court of appeals to detail all the evidence and explain why that evidence either supports or does not support the punitive damages award. Also, on remand, the court of appeals should vacate the entire damage award against defendant Harris. 888 S.W.2d at 794.