NUMBER 13-99-067-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


M. RIVAS ENTERPRISES, INC., 

D/B/A M. RIVAS FOOD STORE
, Appellant,


v.



LYDIA GAYTAN
, Appellee.

___________________________________________________________________


On appeal from the County Court at Law No. 3


of Hidalgo County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez

Opinion by Justice Dorsey


 M. Rivas Enterprises, Inc. d/b/a M. Rivas Food Store, appellant,
appeals a judgment for $15,000.00 entered on a jury verdict in favor of
Lydia Gaytan. Gaytan slipped and fell in appellant's store in Mission,
Texas. She sued appellant for failing to clean a puddle of liquid from
the floor, creating an unreasonably dangerous condition which caused
her fall. Appellant contends that the verdict was unsupported by the
evidence, and specifically, that Gaytan presented legally or factually
insufficient evidence that appellant had knowledge of, or should have
had knowledge of, the dangerous condition in its store.

 The standards for legal and factual sufficiency of evidence are well
established. In reviewing the legal sufficiency of the evidence, we
consider only the evidence and inferences, when viewed in their most
favorable light, that tend to support the finding, and disregard all
evidence and inferences to the contrary. Davis v. City of San Antonio,
752 S.W.2d 518, 522 (Tex. 1988). If there is any evidence of probative
force to support the finding, the finding will be upheld. Sherman v.
First Nat'l Bank, 760 S.W.2d 240, 242 (Tex. 1988); In re King's Estate,
150 Tex. 662, 244 S.W.2d 660, 661­62 (1951). If there is more than a
scintilla of such evidence to support the finding, the claim is sufficient
as a matter of law, and any challenges go merely to the weight to be
accorded the evidence. Leitch v. Hornsby, 935 S.W.2d 114, 118 (Tex.
1996).

 A no evidence point may only be sustained when the record
discloses one of the following: (1) a complete absence of evidence of
a vital fact; (2) the court is barred by rules of law or evidence from
giving weight to the only evidence offered to prove a vital fact; (3) the
evidence offered to prove a vital fact is no more than a mere scintilla of
evidence; or (4) the evidence establishes conclusively the opposite of a
vital fact. Juliette Fowler Homes, Inc. v. Welch Assocs., 793 S.W.2d
660, 666 n.9 (Tex. 1990) (citing Robert W. Calvert, "No Evidence" and
"Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361, 362-63
(1960)). There is some evidence when the proof supplies a reasonable
basis on which reasonable minds may reach different conclusions about
the existence of the vital fact. Orozco v. Sander, 824 S.W.2d 555, 556
(Tex. 1992).

 In reviewing the factual sufficiency of the evidence, we examine
all the evidence, and will set aside a verdict only if the evidence is so
weak or the finding is so against the great weight and preponderance
of the evidence that it is clearly wrong and unjust. Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986). The evidence is "insufficient" to support
a fact finding if the evidence supporting the finding is so weak or the
evidence to the contrary is so overwhelming that the answer should be
set aside and a new trial ordered. Jaffe Aircraft Corp. v. Carr, 867
S.W.2d 27, 29 (Tex. 1993).

 When the injured party is an invitee, the elements of a slip and fall
claim are:


 (1) Actual or constructive knowledge of a condition on the
premises by the owner or occupier;


 (2) That the condition posed an unreasonable risk of harm;


 (3) That the owner or occupier did not exercise reasonable
care to reduce or eliminate the risk; and


 (4) That the owner or occupier's failure to use such care
proximately caused the plaintiff's injury. 


Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998);
Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992); Corbin v.
Safeway Stores, Inc., 648 S.W.2d 292, 296 (Tex. 1983); Whalen v.
Condominium Consulting and Management Services, Inc., No. 13-98-425-CV, 2000 WL 84919, at *2 (Tex. App.--Corpus Christi, January 27,
2000, pet. for review filed Mar. 13, 2000).

 In the case of Adam Dante Corp. v. Sharpe, 483 S.W.2d 452,
454­55 (Tex. 1972), the Texas Supreme Court accepted section 343 of
the Restatement (Second) of Torts (1965) as a summary description of
the duty of reasonable care that an occupier of premises owes to
invitees. Whalen , 2000 WL 84919, at *2. Section 343 provides that a
possessor of land is subject to liability for physical harm caused to his
invitees by a condition on the land if, but only if, he (a) knows or by the
exercise of reasonable care would discover the condition and should
realize that it involves an unreasonable risk of harm to such invitees; (b)
should expect that they will not discover or realize the danger, or will
fail to protect themselves against it; and (c) fails to exercise reasonable
care to protect them against the danger. The test is whether a
reasonably prudent owner/occupier would have recognized the
dangerous defect, which must have been in existence long enough to
allow for its discovery." Id.

 In order to be liable, the premises owner/operator must have had
actual or constructive knowledge of a premises defect. Motel 6 G.P.,
Inc. v. Lopez, 929 S.W.2d 1, 3 (Tex. 1996). This requirement can be
met in one of three ways. Keetch, 845 S.W.2d at 265. An invitee may
prove: (1) that the owner/operator put the foreign substance on the
floor; (2) that the owner/operator knew that it was on the floor and
negligently failed to remove it; or (3) that the substance was on the
floor so long that, in the exercise of ordinary care, it should have been
discovered and removed. Id. at 264. This requirement can be shown
through direct or circumstantial evidence. Wal-Mart Stores, Inc. v.
Gonzalez, 968 S.W.2d at 936; Whalen, 2000 WL 84919, at *2.

 With the legal principles in mind, we turn to the facts of this case. 
Lydia Gaytan testified that she went to the Rivas Food Store to return
a gallon of bad milk. She slipped on water that was on the floor near
one of the cash register lanes. She said that she could see that the
water was coming from iceboxes which were leaking water. She said
that she saw some wet towels five to six feet from the icebox. Gaytan
also testified that it was not raining the day she fell in the store.

 Cynthia Evans also testified that she was in the store on the day
Ms. Gaytan fell. She also testified that it was not raining when the
incident occurred, though she could not remember if it had rained at all
that day. Evans testified that Gaytan fell because the floor was wet, but
that she did not know where the water came from. She also testified
that Gaytan slipped about five or six feet from a freezer in the front of
the store where they kept the ice. Both women testified they saw no
warning signs or other indication that the floor was slippery. Evans
testified that she remembered seeing a towel by the ice machine.

 At one time, Evans worked at the M. Rivas Food Store, but had
not worked there for around a year at the time of Gaytan's fall. Evans
testified that she had seen Rivas employees put towels by that ice
machine before because there was leakage. She also stated that after
the fall, she heard the store manager scolding the employees who were
supposed to mop up wet floors or put up cones. We find all this
evidence both legally and factually sufficient to support the jury's
verdict.

 The seminal case in this area is Wal-Mart Stores, Inc. v. Gonzalez,
968 S.W.2d 934 (Tex. 1998), where the Texas Supreme Court held the
evidence legally insufficient to support a finding that macaroni salad
had been on a Wal-Mart floor long enough to charge Wal-Mart with
constructive notice of the condition. Id. at 936. No witnesses testified
that they had seen or were aware of the spilled macaroni before
Gonzalez slipped on it. Id. The court held that evidence that the cooked
macaroni salad was covered by "a lot of dirt," had shopping cart tracks
through it, and "seemed like it had been there awhile" did not make it
more likely than not that salad had been on the floor long enough to
charge the store with constructive notice of it. Id. The court noted that
"meager circumstantial evidence from which equally plausible but
opposite inferences may be drawn is speculative and thus legally
insufficient to support a finding." Id. at 934. It reasoned:

 Dirt in macaroni salad lying on a heavily-traveled aisle is no
evidence of the length of time the macaroni had been on the
floor. That evidence can no more support the inference that
it accumulated dirt over a long period of time than it can
support the opposite inference that the macaroni had just
been dropped on the floor and was quickly contaminated by
customers and carts traversing the aisle.


Id. at 937. Ultimately, the court held that the evidence adduced
amounted to "no evidence" that Wal-Mart had constructive notice of the
actual existence of spilled macaroni. Id. at 938.

 We find the facts of this case distinguishable from those in Wal-Mart. First, a leaking ice machine is far different from spilled macaroni. 
A store owner with knowledge that an ice machine leaks has a duty to
ensure that the known hazard does not create an unreasonably
dangerous condition--i.e., a slippery floor. Evidence was offered that
the store owner/operator not only knew of the ice machine's leak, but
that someone had put towels down near the ice machine on that very
day to soak up the water. That evidence does not lead equally to
another inference, as in the case with the dirty macaroni salad. 
Gaytan's evidence showed that she fell approximately five or six feet
from an ice machine that had towels down beside it, apparently to soak
up leaking water. She also provided evidence from a former store
employee who said that the store typically placed towels around the
machine when it leaked, and that the store manager scolded the
employee responsible for cleaning up spills. We hold this amounts to
some evidence that the appellant had actual or constructive knowledge
of a condition on the premises that posed an unreasonable risk of harm,
and thus hold that the evidence is legally sufficient to support the jury's
finding.

 Likewise, we find the evidence is factually sufficient. In factual
sufficiency review, we examine all the evidence and will set aside a
verdict only if the evidence is so weak or the finding is so against the
great weight and preponderance of the evidence that it is clearly wrong
and unjust. Cain, 709 S.W.2d at 176. We have already demonstrated
how the plaintiff's evidence was sufficient to support the jury's finding. 
Appellant offered testimony from its store manager, who stated that the
iceboxes at issue did not have "drains," so that water could not have
dripped out of them. Also, he testified that they had placed floor mats
close to the iceboxes because the ice would drip when people took it
out of the box. He also testified that it had rained all day on the day
that Gaytan fell in the store. He testified that they had never used
towels to soak up leaks from the iceboxes--only the mats. When asked
if he "scolded" the employee responsible for mopping up spills, he said,
"Well, no . . . I told him, 'You know your job, you know if you ever see
water, and I told you lots of times.'"

 The jury was well within its province to believe plaintiff's
testimony and disbelieve the defendant's. We do not find its verdict to
be against the great weight and preponderance of the evidence. 
Accordingly, we affirm the judgment of the trial court.

 ______________________________

 J. BONNER DORSEY,

 Justice


Publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 11th day of May, 2000.