Affirmed and Opinion filed May 9, 2002














Affirmed and
Opinion filed May 9, 2002.

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-01-00456-CV

_______________

 

CALE’S CLEAN
SCENE CARWASH, INC.

and KEN ELDER,
Appellants

 

V.

 

HENRY HUBBARD d/b/a HUBBARD ELECTRIC CO., Appellee

                                                                                                                                               


On Appeal from
the 190th District Court 

Harris County, Texas

Trial Court
Cause No. 99-15259

                                                                                                                                               


 

O P I N I O N

 

            In this breach of contract action, Cale’s Clean Scene Carwash, Inc. and Ken Elder (collectively,
“Cales”) appeal the trial court’s award of attorney’s
fees to Henry Hubbard d/b/a Hubbard Electric Co. (“Hubbard”) on the grounds
that: (1) the jury’s award of zero attorney’s fees was proper and should not
have been disregarded and (2) the evidence did not conclusively show that the
amount the trial court awarded was reasonable and necessary.  We affirm.

            Hubbard sued Cales
for breach of contract, and the jury awarded Hubbard $31,846 of actual damages
but zero attorney’s fees.  The trial
court granted Hubbard’s motion to disregard the jury’s finding on attorney’s
fees (the “jury finding”) and entered judgment awarding Hubbard $29,225 in
attorney’s fees for trial.

            Cales’s
first issue argues that the trial court erred in granting Hubbard’s motion to
disregard the jury finding because there was no evidence showing what would
constitute reasonable attorney’s fees in this particular case in that testimony
was only presented as to a reasonable attorney’s fee on an hourly basis and not
in light of a contingent fee arrangement, as Hubbard had with his
attorney.  Cales’s
third issue[1]
asserts that the trial court erred in awarding Hubbard $29,225 of attorney’s
fees for trial because the evidence did not conclusively show that that amount
was reasonable.

            A trial court may disregard a jury’s
negative finding and substitute its own affirmative finding only if the
evidence conclusively establishes the affirmative finding.  Brown
v. Bank of Galveston, Nat’l Ass’n, 930 S.W.2d
140, 145 (Tex. App.—Houston [14th Dist.] 1996), aff’d, 963 S.W.2d 511, 515-16 (Tex.
1998).  In other words, because the trial
court could only disregard the jury’s answer if there was no evidence to
support it,[2] we
review the legal sufficiency of the evidence supporting the jury finding on
which Hubbard had the burden of proof. 
In making such a matter of law review, we first examine the record for
evidence to support the jury finding while ignoring all evidence to the
contrary.  Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex.
2001).  If there is no evidence to
support the finding, we then examine the entire record and sustain the trial
court’s award only if it is established conclusively, i.e., as a matter of law.  Id.

            In this case, the jury question on
attorney’s fees (the “jury question”) asked, without instructions or
definitions, “[w]hat is a reasonable fee for the necessary services of
Hubbard’s attorney in this case, stated in dollars and cents?”[3]  As to the amount of attorney’s fees for
preparation and trial, the jury entered the figure, “$0.00.”

            As a factual matter, a zero award
for attorney’s fees would have been proper if the evidence: (1) failed to prove
(a) that any attorney’s services were provided; or (b) the value of the
services provided; or (2) affirmatively showed that no attorney’s services were
needed or that any services provided were of no value.[4]  In this regard, Hubbard’s attorney testified
as to both the amount and the type of work he had performed in representing
Hubbard.  He further testified that the
work he performed was necessary to adequately represent the interests of
Hubbard in this case and that attorney’s fees of $29,225 were reasonable in
light of customary charges in Harris County for
similar work.  Conversely, Cales did not present any evidence that no attorney’s
services were needed or that the services of Hubbard’s counsel had no value.

            In support of reinstating the jury
finding, Cales contends that: (1) the evidence was
disputed whether the attorney’s fees Hubbard sought for trial were reasonable
and necessary; (2) Hubbard’s counsel stated during his opening statement that
he was willing to let the jury decide whether he ought to get any attorney’s
fees; (3) evidence of a reasonable fee based on hourly charges was not relevant
in this case because a contingent fee would actually be paid; and (4) because
it was not shown that the fees requested at trial were reasonable in
conjunction with the contingent fee, a reasonable fee under the facts of this
case was not proved.  We do not agree
that any of these considerations support a zero attorney’s fee.

            It is undeniable from the record
presented that some amount of attorney’s services was necessary, and thus some
amount of fees was reasonable, to successfully represent Hubbard in this
case.  If the amount Hubbard requested at
trial was not reasonable, the appropriate response to the jury question would
have been to enter an amount that was reasonable, not a zero response,
indicating that no amount was reasonable.

            Moreover, attorney’s fees are an
element of recovery for Hubbard measured by the amount reasonably necessary to
represent him, not the amount his lawyer may actually be paid.  Consequently, the fact that his lawyer may
ultimately be compensated out of the proceeds recovered based on a percentage
of that amount is not a substitute for an award of attorney’s fees to Hubbard
and thus not a basis to award a zero fee. 
We therefore find no evidence to support the jury finding that the value
of the work necessary to represent Hubbard in this case was either unproved or
zero, and thus turn to whether the amount awarded by the trial court was
established as a matter of law.

            Testimony by an interested witness
may establish a fact as a matter of law only if: (1) the testimony could be
readily contradicted if untrue; (2) it is clear, direct, and positive; and (3)
there are no circumstances tending to discredit or impeach it.  Lofton
v. Texas Brine Corp., 777 S.W.2d 384, 386 (Tex.
1989).  In this case, the testimony of
Hubbard’s counsel that $29,225 was a reasonable attorney’s fee was clear,
direct, and positive and could have readily been contradicted if the amount was
not reasonable.[5]  Moreover, Cales
failed to elicit any testimony to controvert or impeach it.

            To demonstrate that the testimony of
Hubbard’s attorney was not conclusive, Cales relies
on cross-examination testimony that the amount that would actually be paid to
Hubbard’s lawyer under the contingent fee agreement was uncertain and would
likely differ from the amount Hubbard was requesting to be awarded.  Again we disagree.  Although there is no single amount of
attorney’s fee that would have alone been reasonable, the amount requested by
Hubbard and awarded by the trial court was the only one for which testimony was
elicited in this case to show its reasonableness.  In the absence of testimony controverting or impeaching the reasonableness of that
amount or showing the reasonableness of a competing amount (such as the
contingent fee amount), the mere fact that Hubbard’s lawyer would actually be
paid a different amount than that awarded does not controvert, impeach, or
otherwise render inconclusive the evidence showing the reasonableness of the
amount awarded.   Therefore, we overrule Cales’s first and third issues.

            Cales’s
second issue contends that the trial court erred if it relied on Cales’s stipulation in entering judgment for $29,225 in
attorney’s fees because the stipulation was conditioned on proof that Hubbard
would actually be charged an hourly fee. 
Because there is ample evidence, as reflected above, to support the
award without reliance on the stipulation, the conditional nature of the
stipulation affords no basis for relief. 
Accordingly, we overrule the second issue.

            Similarly, Cales’s
fourth issue claims that the trial court should not have disregarded the jury
finding because the jury question was not immaterial.  Although it is undisputed in this case that
the jury question was material, we conclude, as discussed above, that
disregarding the jury finding was not error because there was no evidence to
support it.  Accordingly, we overrule Cales’s fourth issue and affirm the judgment of the trial
court.[6]

 

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Opinion filed May 9,
 2002.

Panel
consists of Justices Hudson, Fowler, and Edelman.

Publish — Tex. R. App. P. 47.3(b).











[1]           Because they are closely related,
we address the first and third issues together.





[2]           See Tex. R. Civ. P. 301.





[3]           See 2 Comm. on Pattern Jury Charges, State Bar of Tex., Texas Pattern Jury Charges PJC 110.43 (2d ed. 2000).





[4]           Where the requisite elements are
proven, an award of attorney’s fees for breach of contract is mandatory, not
discretionary.  See Bocquet v. Herring, 972 S.W.2d 19, 20
(Tex.1998) (noting that statutes providing that a party “may recover” attorney’s
fees are not discretionary); Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (Vernon 1997)
(stating that a person “may recover” reasonable attorney’s fees, in addition to
the amount of a valid claim, if the claim is for an oral or written contract). 
Therefore, the jury in this case did not have discretion to simply deny
an award of attorney’s fees if any were properly proven.





[5]           See Brown, 963
S.W.2d at 515-16 (holding that the court of appeals correctly reformed the zero
attorney’s fee award based on similar testimony).





[6]           Because we overrule Cales’s four points of error, we need not address Hubbard’s
cross-issue.