

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00182-CV

---

CROSSTEX NORTH TEXAS
PIPELINE, L.P.

APPELLANT

V.

ANDREW GARDINER AND
SHANNON GARDINER

APPELLEES

----------

FROM THE 431ST DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 2008-40133-362

----------

## CONCURRING AND DISSENTING OPINION

----------

### I. INTRODUCTION

I concur with the Majority Opinion's holding that the evidence is legally sufficient to support the jury's finding that Appellant Crosstex North Texas Pipeline, L.P. negligently created a nuisance as to the Appellees Andrew and Shannon Gardiners' ninety-five-acre tract of land. I respectfully dissent,

however, from the Majority Opinion's conclusion that the evidence is factually insufficient to support the jury's negligent nuisance finding because the Majority Opinion fails to properly apply the required standard of review.

## II. FACTUAL SUFFICIENCY STANDARD OF REVIEW

When the party without the burden of proof on a fact issue complains of an adverse fact finding, that party must show that there is "insufficient evidence" supporting the finding—that the credible evidence supporting the finding is too weak or that the finding is against the great weight and preponderance of the credible evidence contrary to the finding. *See Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965); *see also Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); W. Wendall Hall, *Hall's Standards of Review in Texas*, 42 St. Mary's L.J. 3, 41–42 (2010). In conducting a factual-sufficiency review, we review all of the evidence in a neutral light and will sustain a factual insufficiency challenge to a jury finding only if the evidence supporting the finding is so weak that the jury's finding is clearly wrong or manifestly unjust or the jury's finding is so against the great weight and preponderance of the evidence that it is clearly wrong or manifestly unjust. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001); *Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex. 1989).

The factfinder is the sole judge of the witnesses' testimony and of the weight to be given to their testimony under both a legal and a factual sufficiency review. *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005). The factfinder is free to believe one witness and disbelieve another, and reviewing

2

courts may not impose their own opinions to the contrary. *Id.* When an appellate court reviews the factual sufficiency of the evidence supporting a jury finding to prevent a manifestly unjust result, a court of appeals may not set aside such a finding merely because the judges believe that they would have reached a different and more reasonable result had they been jurors. *Jaffe Aircraft Corp. v. Carr*, 867 S.W.2d 27, 28 (Tex. 1993). Accordingly, a court of appeals conducting a factual sufficiency review may not pass on a witness's credibility or substitute its own judgment for that of the jury, even if the evidence would clearly support a different result. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003); *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex.), *cert. denied*, 525 U.S. 1017 (1998).

As the sole judge of the credibility of the witnesses, a jury presented with conflicting evidence has several choices, including the following:

> It may believe one witness and disbelieve others. *Ford v. Panhandle & Santa Fe Ry. Co.*, 151 Tex. 538, 252 S.W.2d 561 (1952). It may resolve inconsistencies in the testimony of any witness. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951). It may accept lay testimony over that of experts. *Muro v. Houston Fire & Casualty Ins. Co.*, 329 S.W.2d 326 (Tex. Civ. App.—San Antonio 1959, writ ref'd n.r.e.).

*McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986).

To ensure that courts of appeals do not simply substitute themselves as factfinders for properly constituted juries, when reversing on factual-insufficiency grounds, courts should, in their opinions, detail the evidence relevant to the issue in consideration and clearly state why the jury's finding is factually insufficient or

3

is so against the great weight and preponderance as to be manifestly unjust, why it shocks the conscience, or why it clearly demonstrates bias. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 634 (Tex. 1986). Further, those courts, in their opinions, should state in what regard the contrary evidence greatly outweighs the evidence in support of the verdict. *Id.* at 635.

### III. THE MAJORITY OPINION FAILS TO PROPERLY APPLY THE STANDARD OF REVIEW

Question number 2 asked the jury:

Did Crosstex negligently create a nuisance as to the 95-Acre Tract?

> A "nuisance" is a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities.
>
> A party "negligently" creates a nuisance if they fail to use ordinary care, that is, fail to do that which a person or party of ordinary prudence would have done under the same or similar circumstance or doing that which a person or party of ordinary prudence would not have done under the same or similar circumstances. "Ordinary care" means that degree of care that would be used by a person or party of ordinary prudence under the same or similar circumstances.

The jury answered, "yes."

The Majority Opinion details the evidence presented throughout the trial but then fails to comply with the requirement imposed by *Pool*. *See id.* at 634–35. Instead, after summarizing the evidence presented during trial, the Majority Opinion contains a four-paragraph conclusion that purports to be a factual-sufficiency analysis. The Majority Opinion does not indicate which aspect of the jury's finding of a negligent nuisance is purportedly supported by factually-

4

insufficient evidence; I cannot discern whether the Majority Opinion holds that the evidence is factually insufficient to support the jury's determination that a nuisance existed, that the evidence is factually insufficient to support the jury's determination that Crosstex's creation of the nuisance was the result of a failure to use ordinary care, or both. The Majority Opinion does not clearly state *why* or *in what regard* the evidence supporting the jury's "yes" finding in question number 2 is so weak that the finding is clearly wrong or manifestly unjust or explain how the jury's "yes" finding in question number 2 is so against the great weight and preponderance of the evidence that it is clearly wrong or manifestly unjust. *Id.*

The Majority Opinion in its four-paragraph conclusory factual-sufficiency analysis merely cherry-picks isolated snippets of evidence or testimony; substitutes its own credibility determinations—that these snippets must be true—despite extensive, directly-conflicting evidence that the jury below found persuasive; and then holds that the evidence is factually insufficient to support the jury's "yes" finding simply because snippets of conflicting evidence exist. *See, e.g.*, *Ortiz v. Jones*, 917 S.W.2d 770, 772–73 (Tex. 1996) (remanding case to court of appeals to conduct proper factual-sufficiency review because *Pool* "does not allow the court of appeals to focus only on the weakest evidence supporting the judgment and then choose to believe witnesses that the fact-finder below found unpersuasive"). If reasonable minds may differ about the conclusion to be drawn from evidence, the appellate court must defer to the conclusion

5

drawn by the factfinder. *See Herbert v. Herbert*, 754 S.W.2d 141, 144 (Tex. 1988) (explaining that in conducting factual-sufficiency review, appellate court's admission "that reasonable minds could differ about the conclusion to be drawn from the evidence makes it abundantly clear that a substitution of court findings for jury findings has occurred. This was clearly error.").

In the interests of brevity of this opinion and of the timeliness of the disposition of this appeal, I do not conduct the *Pool* analysis that the Majority Opinion fails to perform. I simply point out that the jury answered "yes" to question number 2 after hearing the testimony of fifteen witnesses over five days. The jury heard extensive evidence supporting its finding that the noise from the compressor station constituted a nuisance. *See generally Natural Gas Pipeline Co. v. Justiss*, 397 S.W.3d 150, 161 (Tex. 2012) (holding evidence of noise, odors, and vibrations from compressor station sufficient to support jury's finding of permanent nuisance). Crosstex's contrary evidence, that the noise from the compressor did not constitute a nuisance, was minimal. The jury likewise heard extensive evidence supporting its finding that Crosstex negligently created the nuisance. Crosstex presented contrary evidence from its experts and employees who opined that Crosstex did not act negligently in creating any nuisance and had, nonetheless, attempted to mitigate it.[1] The Majority Opinion wholly fails to

---

[1]The Majority Opinion treats Crosstex's mitigation efforts as evidence that it did not act negligently; but based on the language of question number 2, the jury could have determined that Crosstex's mitigation efforts impacted whether the nuisance was temporary or permanent and that mitigation efforts were not

6

articulate how, or in what respect, the evidence supporting the jury's finding to question number 2 is so weak that the finding is clearly wrong or manifestly unjust or to explain how the jury's "yes" finding to question number 2 is so against the great weight and preponderance of the evidence that it is clearly wrong or manifestly unjust and fails to defer to the jury's determinations as to the weight and credibility of the witnesses; instead, the Majority Opinion substitutes its own view of the evidence for that of the jury. For these reasons, I respectfully dissent from the Majority Opinion's holding that the evidence supporting the jury's "yes" finding to question number 2 is factually insufficient.

## IV. CONCLUSION

Because the Majority Opinion fails to properly apply the factual sufficiency standard of review, I am compelled to dissent.

/s/ Sue Walker
SUE WALKER
JUSTICE

DELIVERED: November 13, 2014

---

relevant to a determination in question number 2 of whether Crosstex "negligently created a nuisance as to the 95-acre tract" in the first place.