# Supreme Court of Texas

No. 21-0775

Colton Lester,

*Petitioner*,

v.

Cecil E. Berg, Seth Johnson, Johnson Law Office, PLLC, Dustin Andreas, and Phillips and Andreas, PLLC,

*Respondents*

On Petition for Review from the
Court of Appeals for the Ninth District of Texas

JUSTICE BUSBY, concurring in the denial of the petition for review.

Colton Lester was charged with two separate offenses of online solicitation of a minor, and he pleaded guilty to one count of attempted solicitation under a subsection of the statute that had been declared unconstitutional. After obtaining habeas relief, he sued his criminal defense attorneys for malpractice. The trial court granted summary judgment for the attorneys, and the court of appeals affirmed.

The court of appeals took the position that the Court of Criminal Appeals' decision granting habeas relief in *Ex parte Lester* and our Court's analysis granting wrongful-imprisonment compensation in *In re*

*Lester* were wrong, based on the clerk's record as the court of appeals parsed it.[1] Although I agree with my colleagues that this case does not meet the criteria for granting discretionary review, our denial of Lester's petition is not an endorsement of the court of appeals' undertaking, or of its conclusion.

Lester pleaded guilty to attempted online solicitation of a minor. The trial court ordered deferred adjudication of a "third-degree felony" under Texas Penal Code subsection "33.021(f)."[2] Subsection (f) relates to two crimes, subsections 33.021(b) and 33.021(c), which are variations of an offense entitled "online solicitation of a minor." TEX. PENAL CODE § 33.021. An offense under subsection (c) is a second-degree felony, and an offense under subsection (b) is a third-degree felony.[3]

Though the State charged Lester with two offenses, Lester pleaded guilty to only one: a third-degree felony corresponding to an offense under subsection (b). The order of deferred adjudication reflects as much, as Lester was found guilty of a third-degree felony. The Court

---

[1] No. 09-19-00305-CV, 2021 WL 3196530, at *11 (Tex. App.—Beaumont July 29, 2021) (citing *Ex parte Lester*, No. WR-88, 227-01, 2018 WL 1736686 (Tex. Crim. App. Apr. 11, 2018) (per curiam), and *In re Lester*, 602 S.W.3d 469 (Tex. 2020)).

[2] *Id.* at *2–3.

[3] An offense under Subsection (b) is a felony of the third degree, except that the offense is a felony of the second degree if the minor is younger than 14 years of age or is an individual whom the actor believes to be younger than 14 years of age at the time of the commission of the offense. An offense under Subsection (c) is a felony of the second degree.

TEX. PENAL CODE § 33.021(f).

of Criminal Appeals so held, explicitly stating that Lester was convicted of an offense under subsection (b). *Ex parte Lester*, 2018 WL 1736686, at *1 ("Applicant was convicted of attempted online solicitation of a minor and sentenced to imprisonment. TEX. PENAL CODE § 33.021(b).").

At the time Lester committed his crime, subsection (b) had been declared unconstitutional.[4] For that reason, the Court of Criminal Appeals granted Lester's application for a writ of habeas corpus, declaring his conviction under subsection (b) "not valid." *Id.* Relying on that decision, our Court determined that Lester could seek compensation for wrongful imprisonment under the Tim Cole Act. *In re Lester*, 602 S.W.3d at 475.

In its analysis, the court of appeals observed that Lester's guilty plea also "fits the 'solicit' verbiage of section 33.021(c), which has . . . never been held unconstitutional." 2021 WL 3196530, at *10. The court of appeals theorized that Lester might have been convicted under section 33.021(c), which had no constitutional infirmity. The court of appeals also stated that the "appellate record does not support a finding that Lester's conduct was not a crime at the time it was committed," venturing that our Court's opinion in *In re Lester* "would be incorrect based on the record now before us." *Id.* at *11.

The flaw in this analysis is that Lester was not convicted of any crime save an unconstitutional one. As the Court of Criminal Appeals determined, Lester's conviction under subsection (f) was to an offense

---

[4] *Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013). The Legislature later amended the statute. Act of May 5, 2015, 84th Leg., R.S., ch. 61, § 2, 2015 Tex. Gen. Laws 1036, 1036.

under subsection (b), not (c). *Ex parte Lester*, 2018 WL 1736686, at *1. For that reason alone, the Court of Criminal Appeals granted habeas relief.[5]

The Court of Criminal Appeals has the final word on matters of criminal law.[6] In its opinion, the court of appeals should have adhered to the pronouncements of the Court of Criminal Appeals in matters of criminal law, as well as to this Court's decision in *In re Lester*.[7]

 

J. Brett Busby
Justice

**OPINION FILED:** November 4, 2022

---

[5] A concurring judge would have granted relief based on ineffective assistance of counsel instead. 2018 WL 1736686, at *2 (Yeary, J., concurring).

[6] The Texas Constitution provides that the "Court of Criminal Appeals shall have final appellate jurisdiction coextensive with the limits of the state, and *its determinations shall be final, in all criminal cases of whatever grade . . .*" TEX. CONST. art. V § 5(a) (emphasis added).

[7] "It is fundamental to the very structure of our appellate system that this Court's decisions be binding on the lower courts." *Dall. Area Rapid Transit v. Amalgamated Transit Union Local No. 1338*, 273 S.W.3d 659, 666 (Tex. 2008). "[I]n reaching their conclusions, courts of appeals are not free to disregard pronouncements from this Court, as did the court of appeals here." *In re K.M.S.*, 91 S.W.3d 331, 331 (Tex. 2002) (citing *Lofton v. Tex. Brine Corp.*, 777 S.W.2d 384, 386 (Tex. 1989) ("This court need not defend its opinions from criticism from courts of appeals; rather they must follow this court's pronouncements.")).